Sidney Gold, J.
In this action wherein a trial by jury was waived, plaintiff sues defendants Iginio Bogino and General Motors Acceptance Corporation (hereinafter designated as G. M. A. C.) seeking to recover for property damage to his motor vehicle claimed to have been sustained solely through the defendant Bogino’s negligent operation of a vehicle, of which he is alleged to be the registered owner, and of which defendant, G. M. A. C. is alleged to be the legal owner. The accident occurred on Sunrise Highway in Nassau County, on October 23, 1955.
It appears that the vehicle in question was sold by Jas. Cash-man Co., a dealer in Las Vegas, Nevada, to defendant Bogino on June 9, 1954. The contract was thereafter assigned by Cashman to the San Bernadino office of defendant G. M. A. C. on June 24,1954, at which time the latter paid $1,790 to Cashman therefor.
There was no proof presented at the trial as to the nature of the agreement between Cashman and defendant Bogino to indicate whether it was a conditional bill of sale or a chattel mortgage, as the vehicle in question was sold to a dealer in Worcester, Mass., on February 21, 1956, at which time the latter paid the balance due on the contract and the contract was shortly thereafter forwarded to defendant Bogino.
The dealer’s (Cashman) report of sale of the vehicle to the Motor Vehicle Division of the State of Nevada, lists defendant Bogino as the registered owner and defendant G. M. A. C. as the legal owner. The Nevada registrations issued on July 20, 1954 and again on August 15, 1955, likewise list Bogino as the registered owner and defendant G. M. A. C. as the legal oivner.
The evidence adduced at the trial warrants a finding that the accident was caused solely through the negligent operation of the vehicle by defendant Bogino, who was not served with process, and that the fair and reasonable cost of the repairs necessary to restore the vehicle to its former condition was in the sum of $500.
The issue here is whether defendant G. M. A. C. may be held responsible for the negligence of defendant Bogino, the registered owner, who, at the time of the accident, was in sole possession and control of the motor vehicle.
While the nature of the agreement between defendant Bogino and defendant G. M. A. C. as assignee is not clearly set forth, *1076 it is apparent from the testimony that defendant Bogino was in possession and control of the vehicle in question and that defendant G. M. A. C. held title merely as security for the payment of the balance due on the contract and had neither possession nor control, nor any right to possession or control except in the event of a default in payment by defendant Bogino.
Plaintiff urges that under the law of New York, G. M. A. C. as the legal owner has failed to rebut the presumption that it is responsible for the damages sustained as the result of defendant Bogino’s negligent operation of the motor vehicle. However, it is obvious from the evidence that G. M. A. C. was nothing more than a lienholder and its listing as the “ legal owner ” in Nevada is merely a procedure permissible under Nevada law, whereby it is allowed to secure its account receivables.
Section 59 (now § 388) of the Vehicle and Traffic Law in effect at the time of the accident states that 11 A chattel mortgagee, conditional vendor, or an entruster as defined by section fifty-one of the personal property law, of any motor vehicle out of possession, shall not be deemed an owner within the provisions of this section. ’ ’
Counsel for plaintiff does not cite any case in Nevada or in New York in which a nominal legal owner (out of possession) who holds title merely for the purpose of securing payment of a balance due under a contract has been held liable for the negligent operation of the vehicle. Neither Nevada nor New York case or statutory law supports plaintiff’s contention.
Similarly, the Nevada statute which imposes vicarious liability under certain circumstances on the owner of a vehicle declares the responsible owner to be the conditional vendee or mortgagor, rather than the lienholder.
Accordingly, I find that there is no basis for holding defendant G. M. A. C. liable under either the common law or any statutory provision of the laws of Nevada or New York.
Judgment is therefore directed in favor of defendant G. M. A. C. against plaintiff dismissing plaintiff’s complaint.