■ GEORGE T. KINNEY et al., Appellants, v JOHN S. KUHN, Also Known as JOHN KUHN & SON, Respondent. (And Third- and Fourth-Party Actions.)—Order unanimously reversed, on

the law, with costs, and motion denied. Memorandum: In granting summary judgment to defendant Kuhn, Special Term ruled as a matter of law that plaintiff, when injured, was a special employee of Kuhn and thus was barred from bringing this personal injury action. We disagree. There are factual issues which must be resolved at trial (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, rearg denied 3 NY2d 941).

It is undisputed that plaintiff was a general employee of Dover Elevator Company and, at the time of the accident, had been assigned by Dover to work with Kuhn, Dover's subcontractor, in drilling a hole at a construction site. On this record, it cannot be said as a matter of law that Dover had relinquished to Kuhn the right to direct and control plaintiff in the performance of the work, thus creating a special employment relationship between Kuhn and plaintiff (see, Irwin v Klein, 271 NY 477; Poppenberg v Reliable Maintenance Corp., 89 AD2d 791; Brooks v Chemical Leaman Tank Lines, 71 AD2d 405).

It appears from testimony adduced at examinations before trial that it was plaintiff's role, working with blueprints obtained from Dover, to "place" the hole and then to assure that the hole was drilled to the size, depth and plumb specified by Dover. Plaintiff also testified, however, that it was his job to "assist [Kuhn] in all the work", although the nature of such assistance is left undescribed. Since the "elements of the employment or of the particular work being done bespeak both general and special employment the question is one of fact for the jury [citations omitted]" (Brooks v Chemical Leaman Tank Lines, supra, p 407). (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.