■ BYDATEL CORPORATION, Appellant, v RICHARD J. CLARKE et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed with costs. Memorandum: Generally, it is the responsibility of the courts to interpret written instruments *(see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). We conclude that Special Term, in interpreting the parties' document, correctly found that it constituted a valid contract between Bydatel and Nipacan. Further, the failure of Nipacan's agent, Richard Clarke, to use the standard representative signature form to bind a principal does not alter this result because the instrument clearly establishes the parties' intent that Clarke was signing on behalf of Nipacan *(see,* 2 NY Jur 2d, Agency, §§ 181, 182). Since respondent Clarke did not cross-appeal from Special Term's order staying his demand for arbitration, this issue has not been preserved for appellate review. (Appeal from judgment of Supreme Court, Erie County, Forma, J.—arbitration.) Present —Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ JOSEPH J. ROGERS, Respondent, v DOUGLAS P. MOSS-BROOK, Doing Business as MOSSBROOK CONSTRUCTION, Appellant.—Order unanimously affirmed without costs *(see, Kinney v Kuhn,* 122 AD2d 569). (Appeal from order of Supreme Court, Ontario County, Curran, J.—summary judgment.) Present— Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ DOROTHY MATTESON et al., Plaintiffs, v MAINE GUIDES BASEBALL CLUB, INC., Defendant; JAMES C. SNYDER, Appellant, and CLEVELAND INDIANS Co., Respondent. DEBORAH A. SCHIRTZ, Plaintiff, v MAINE GUIDES BASEBALL CLUB, INC., Defendant; JAMES C. SNYDER, Appellant, and CLEVELAND INDIANS Co., Respondent.—Order unanimously affirmed without costs for reasons stated in the decision at Supreme Court, Wesley, J. (Appeal from order of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.