■ ROBERT J. ISAACS, JR., et al., Respondents, v DIANE M. TIFILETTI et al., Defendants, and AETNA FINANCE COMPANY, Doing Business as ITT FINANCIAL SERVICES, Appellant. [654 NYS2d 903] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Aetna Finance Company dismissed. Memorandum: In this action, plaintiffs seek to recover for injuries allegedly sustained by plaintiff Robert J. Isaacs, Jr., when he was struck by an automobile and pinned against another automobile that was registered to defendant Mildred Traylor. Supreme Court erred in denying the motion of defendant Aetna Finance Company (Aetna) to dismiss the complaint pursuant to CPLR 3211 (a) (7). At the time of the accident, Aetna was out of possession and had only a security interest in the Traylor vehicle. Aetna therefore cannot be held liable as an owner of that vehicle pursuant to Vehicle and Traffic Law § 388 (see, Buehler v Bogino, 39 Misc 2d 1074; see also, Vehicle and Traffic Law § 128). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.

■ DIANNE HARRIGAN, Respondent, v KENNETH FRIEND, JR., et al., Appellants. [656 NYS2d 986] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint pursuant to the exclusive remedy provisions of the Workers' Compensation Law (see, Workers' Compensation Law §§ 11, 29 [6]). Defendants failed to establish as a matter of law that plaintiff was in the special employ of defendant Videoseal Corp. at the time of her accident (see, Kinney v Kuhn, 122 AD2d 569, 570; see generally, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558). (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.