RAFAEL F. PICHARDO et al., Appellants, v KREGER TRUCK
RENTING CO., INC., et al., Respondents.

First Department, May 3, 1977

*Walter T. Reardon* of counsel *(Harold Sylvan* with him on
the brief; *Reardon & Sclafani, P. C.,* attorneys), for appellants.

*Nathan Cyperstein* of counsel *(Wollerstein & Futoran,* attor-
neys), for respondents.

LUPIANO, J. The parties herein stipulated as to the "State-
ment of Facts" for "the purpose of having the Trial Court
determine * * * whether or not the Affirmative Defense that

Workmen's Compensation is the plaintiffs' exclusive remedy as against both defendants is a bar to recovery by plaintiff in the within action." Essentially, this action is for personal injuries sustained by plaintiff Rafael Pichardo by reason of the alleged negligence of defendant Lambert Keith, sued herein as Keith Lambert, in the operation of a vehicle owned by defendant Kreger Truck Renting Co., Inc. and the negligence of defendant Kreger Truck Renting Co., Inc. in the ownership, maintenance and control of the vehicle. In their answer, defendants set forth as a first affirmative defense that the workmen's compensation afforded plaintiff Rafael Pichardo is the exclusive remedy and as a second affirmative defense that said plaintiff sustained injury *solely* through the negligence of defendant Keith Lambert, a fellow servant, and not through any negligence of defendant Kreger Truck Renting Co., Inc. In submitting the agreed statement of facts to Trial Term, defense counsel declared: "It is stipulated * * * that these are the facts pertinent to the determination of whether or not workmen's compensation lies as a defense."

The facts so stipulated reveal that plaintiff Rafeal Pichardo at the time of the occurrence worked for Charles T. Bainbridge & Sons, a corporation in the business of selling paper supplies; that Felco Body Works, Inc., the general employer of defendant Keith, was engaged in the business of hiring out, renting and furnishing truck drivers to Bainbridge, amongst others; that "[a]t the time of the occurrence and for more than one year prior thereto, Felco furnished Keith and his services, on a full-time basis, as a driver to Bainbridge for a consideration. Felco paid Keith a salary which included his statutory and employee benefits. Felco then billed Brainbridge for Keith's services, and Bainbridge paid Felco on a weekly basis * * * Felco as the lessor and general employer of Keith had the right to hire and fire Keith. Bainbridge as the lessee of Keith's services had the right to reject Keith at any time as an operator of the vehicle."

The truck involved in the accident was owned by defendant Kreger Truck Renting Co., Inc. and leased to Bainbridge. It "had been rented to Bainbridge continuously for a period of at least one year * * * [and] was normally garaged at the premises of the defendant, Kreger. Each day during the aforesaid period the driver, Keith, would take the truck from the garage and return it at night. He would *report* each morning *to Bainbridge* where he received his routing, his load

and his helper, the plaintiff. He then set about making deliveries and pick ups *for Bainbridge.* Any receipts, bills of lading, freight, etc., were taken *on behalf of Bainbridge,* and delivered *for Bainbridge to Bainbridge's customers,* or *returned to Bainbridge's premises.* The accident * * * occurred * * * [while] plaintiff and the defendant, Keith, were making a pick up and delivery *for Bainbridge* using the vehicle rented from Kreger at Pier 51 in Manhattan. Keith * * * behind the wheel * * * [w]hile making this delivery * * * was attempting to move the vehicle, and permitted the truck to roll rearward pinning * * * plaintiff, against the loading platform" (emphasis supplied).

Trial Term on the basis of this submission properly concluded that plaintiff Rafael Pichardo was an employee of Bainbridge, and that defendant Keith, while in the general employ of Felco Body Works, Inc., was a loaned servant in the special employ of Bainbridge (37 NY Jur, Master and Servant, § 154; *Irwin v Klein,* 271 NY 477, 485-486; see, also, *Szarewicz v Alboro Crane Rental Corp.,* 50 AD2d 770, affd 40 NY2d 1076).* It therefore correctly concluded that as both plaintiff Rafael Pichardo and defendant Keith were under the control of the same employer, said plaintiff was injured by his fellow employee, under the fellow servant doctrine.

Having found that workmen's compensation was appropriately asserted as an affirmative defense, it is clear that under the circumstances presented such defense is a complete defense as to defendant Keith. Insofar as liability is sought to be fixed on the corporate defendant Kreger Truck Renting Co., Inc. on the theory that Keith is an agent or employee of the former, the affirmative defense of workmen's compensation viewed against the agreed "Statement of Facts" precludes the fixation of liability on such basis. However, another basis for liability *apart from the affirmative defense of workmen's compensation* is asserted against defendant Kreger Truck Renting Co., Inc. In their complaint as amplified by their bill of particulars, plaintiffs claim that Kreger as owner and in its management and control of the truck was negligent "in failing to have the vehicle properly equipped or adequately equipped with rear view or side view mirrors." The agreed

---

* Trial Term in its memorandum decision dated May 15, 1975, observed: "It appears then that Keith was serving two masters, i.e., Felco was his general employer, who contracted him to a special employer, Bainbridge, to follow detailed instructions provided by Bainbridge."

statement of facts was not submitted for the purpose of having the issue raised by the pleadings in respect of this particularized assertion determined, but solely for the limited purpose of determining the issues raised regarding workmen's compensation.

Accordingly, the order and judgment of the Supreme Court, Bronx County (SILBOWITZ, J.), entered January 23, 1976, which held that plaintiffs are barred from proceeding in this action, that the exclusive remedy lies under Workmen's Compensation Law and awarded defendants judgment dismissing the complaint, should be modified, on the law, by reversing so much thereof as held that plaintiffs' exclusive remedy against defendant Kreger Truck Renting Co., Inc. is under workmen's compensation; the complaint is reinstated as to the corporate defendant, and as so modified, affirmed, with costs and disbursements to abide the event.

MURPHY, P. J., KUPFERMAN and CAPOZZOLI, JJ., concur.

Order and judgment (one paper), Supreme Court, Bronx County entered on January 23, 1976, unanimously modified, on the law, by reversing so much thereof as held that plaintiffs' exclusive remedy against defendant Kreger Truck Renting Co., Inc. is under workmen's compensation, the complaint is reinstated as to the corporate defendant, and as so modified, affirmed, with $60 costs and disbursements of this appeal to abide the event.