JAMES E. BROOKS, Respondent, et al., Plaintiff, v CHEMICAL LEAMAN TANK LINES, INC., Appellant; BLACKSTONE CORPORATION, Respondent and Third-Party Plaintiff-Respondent. FREIGHT CONTAINER SECURITY, INC., Third-Party Defendant-Respondent.

First Department, December 13, 1979

## APPEARANCES OF COUNSEL

*Remo J. Acito* of counsel *(Elinore B. Klein* and *Barry C. Weiss* with him on the briefs; *Acito & Klein, P. C.,* appellate counsel to *J. Robert Morris,* attorney), for appellant.

*Harry First* of counsel *(First & First,* attorneys), for respondent.

*Morris Zweibel* of counsel *(Patrick J. Fogarty* with him on the brief; *Crowe, McCoy, Agoglia, Fogarty & Zweibel, P. C.,* attorneys), for defendant and third-party plaintiff-respondent.

*Stanford Kaplan* of counsel *(Kaplan & Oshman,* appellate counsel to *John T. Pellini,* attorney), for third-party defendant-respondent.

## OPINION OF THE COURT

FEIN, J.

Defendant Chemical Leaman Tank Lines, Inc. (Chemical) appeals from a judgment entered in Bronx County, February 6, 1979, in favor of plaintiff against Chemical in the sum of $148,750 after a jury trial. At the close of plaintiff's case the Trial Justice dismissed Chemical's cross claim against the codefendant Blackstone Corp. (Blackstone) without permitting Chemical to offer proof in support of the cross claim. At the close of the entire case Chemical's cross claim against the third-party defendant Freight Container Security, Inc. (FCS) was dismissed.

The Trial Justice refused to submit to the jury the issue of plaintiff's status as an alleged special employee of Chemical for determination as a question of fact, ruling that as a matter

of law there was no special employment. The jury returned a verdict in the amount of $425,000, finding plaintiff 65% responsible and Chemical 35% responsible.

On December 15, 1976, while plaintiff was making a delivery of caustic soda to Blackstone in Jamestown, New York, plaintiff suffered severe physical injuries when he was sprayed with the caustic soda. Although it is undisputed that plaintiff was hired and paid by FCS, Chemical contends that at the time of the accident plaintiff was a special employee of Chemical and thus barred from recovering against Chemical except by way of workers' compensation.

■ One who is in the general employ of one party may be in the special employ of another despite the fact that the general employer is responsible for the payment of wages, has the power to hire and fire, has an interest in the work performed by the employee, maintains workers' compensation for the employee and provides some, if not all, of the employee's equipment. Relevant in resolving the issue is who controls the employee's manner of working and the details of the work (*Stone v Bigley Bros.,* 309 NY 132; *Irwin v Klein,* 271 NY 477; *Pichardo v Kreger Truck Renting Co.,* 57 AD2d 177). Employees who are employed and paid by one person may nevertheless be employees of another with respect to a particular transaction even where the general employer is interested in the work. A special employee is one who is transferred for a limited time of whatever duration to the service of another. The presumption is that the general employment continues in the absence of clear proof of surrender of control (*Stone v Bigley Bros., supra; Irwin v Klein, supra*). The question is frequently one of law. However, where the elements of the employment or of the particular work being done bespeak both general and special employment the question is one of fact for the jury (*Stone v Bigley, supra; Irwin v Klein, supra; Carinha v Action Crane Corp.,* 58 AD2d 261, mot for lv to app den 59 AD2d 603).

It is undisputed that plaintiff was hired by FCS, that FCS paid his salary, provided the W-2 forms and trained him, and that he received workers' compensation under the FCS policy for the injuries sustained in the accident. The work procedure was that plaintiff checked with an FCS dispatcher when he needed a load. The dispatcher regularly directed him to Chemical. He had to be approved as a driver by Chemical, and Chemical had the right to reject him. However, only FCS had

the right to hire and fire him. The vehicle he drove consisted of a tractor owned by FCS and a trailer owned by Chemical. The safety clothing and equipment and certain fittings were furnished by FCS. FCS paid plaintiff's motel bills and toll charges when he was on the road. Plaintiff and other FCS drivers were dispatched to their particular job assignments by Chemical's dispatcher after the employee cleared with the FCS dispatcher. On the day of the accident, plaintiff received instructions from the Chemical dispatcher as to the source and destination of the load. The president of FCS testified that his company transported only for Chemical and not for any other company, although some of the loads belonged to other companies. FCS was an independent contractor under contract with Chemical for transportation of the loads. Thus the work being done benefited both Chemical and FCS. The evidence is sparse that Chemical controlled the manner or details of the work. However, it did direct what load was to be transported, where it was to be picked up and to whom it was to be delivered. It also provided the hose to be used for transfer of the chemical from the tank truck to the consignee's tanks. A fair question of fact was presented as to whether, when the accident happened, plaintiff was acting as a special employee of Chemical, whose chemicals he was delivering, or was performing the work which was his duty to perform for his employer FCS, delivering the chemicals his employer FCS was obligated to transport and deliver for Chemical.

■ Thus it was error for the Trial Justice to refuse to submit the issue of plaintiff's special employment by Chemical to the jury. Had the jury found that plaintiff was a special employee of Chemical, dismissal of the complaint would have been required since under such circumstances the employee is barred from maintaining a common-law action for negligence against the special employer and must resort to workers' compensation (Pichardo v Kreger Truck Renting Co., 57 AD2d 177, supra; Carinha v Action Crane Corp., 58 AD2d 261, supra; Fallone v Misericordia Hosp., 23 AD2d 222, affd 17 NY2d 648). It was also error to dismiss Chemical's complaint against Blackstone. The dismissal against Blackstone was premised on plaintiff's case and without permitting Chemical to go forward on the cross complaint although Chemical offered to do so. The dismissal was not mandated by the earlier dismissal of plaintiff's complaint against Blackstone for failure to prove a prima facie case. The act of negligence

alleged by a cross-claiming defendant may be different from the negligence alleged or proved by the plaintiff. The cross-claiming defendant is entitled to an opportunity to make such proof *(Zuckerman v City of New York,* 66 AD2d 248).

■ There was evidence in the case that FCS was responsible for training plaintiff in the dangerous work of transporting caustic chemicals. Chemical contended the proof was sufficient to show that plaintiff's training by FCS was inadequate and that accordingly FCS could be found by the jury to bear some measure of responsibility for plaintiff's injuries and thus entitle Chemical to an apportionment. The evidence upon which Chemical relied was testimony that on occasion the FCS training personnel did not wear all of the prescribed protective clothing. Such proof was palpably insufficient as a matter of law, both as to quantum and proximate cause. The Trial Justice properly dismissed the cross complaint against FCS.

Contrary to Chemical's contentions the evidence was sufficient to support the jury's verdict in favor of the plaintiff against Chemical both as to liability and damages, and there is no need to retry either issue. However, Chemical is entitled to a new trial on the issue of special employment and on its cross claim for contribution against Blackstone. Should the jury on a retrial determine that plaintiff was a special employee of Chemical and thus only have a remedy via workers' compensation, the judgment for damages against Chemical in favor of the plaintiff will necessarily have to be vacated and the cross complaint of Chemical against Blackstone be rendered academic. There is no need to reinstate Blackstone's cross complaint against Chemical. The relative liability of each will necessarily be resolved in the determination on Chemical's cross complaint against Blackstone.

Accordingly the judgment should be modified, on the law and the facts, to vacate so much thereof as granted judgment in favor of Blackstone and a new trial directed on the issue of whether plaintiff was a special employee of Chemical and on the cross complaint of Chemical against Blackstone and, as so modified, affirmed without costs, with proviso that if judgment is rendered on the new trial finding that plaintiff was a special employee of Chemical the judgment in favor of plaintiff against Chemical shall be vacated.

BIRNS, J. P., BLOOM, SILVERMAN and ROSS, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on February 6, 1979, modified, on the law and the facts, to vacate so much thereof as grants judgment in favor of Blackstone and a new trial directed on the issue of whether plaintiff was a special employee of Chemical and on the cross complaint of Chemical against Blackstone and, as so modified, affirmed, without costs and without disbursements, with the proviso that if judgment is rendered on the new trial finding that plaintiff was a special employee of Chemical, the judgment in favor of plaintiff against Chemical shall be vacated.