■ GEORGE POPPENBERG et al., Respondents, v RELIABLE MAINTENANCE CORPORATION, Appellant. — Order unanimously affirmed, with costs. Memorandum: In this negligence action, the plaintiff sued for injuries cause by a defective elevator in a building owned by defendant Reliable Maintenance Corporation (Reliable). Reliable moved for summary judgment dismissing the complaint based upon its affirmative defense that the action is barred by section 11 of the Workers' Compensation Law. Special Term denied the motion finding that questions of fact existed as to whether plaintiff was an employee of a joint venture that included the defendant and whether the plaintiff was a special employee of the defendant. From the order of Special Term, defendant appeals. Section 11 of the Workers' Compensation Law provides that the liability of an employer to provide benefits to its employees for injuries arising out of and in the course of their employment shall be exclusive. Here, plaintiff was paid not by defendant, but by Suburban Maintenance Corporation (Suburban), and was nominally an employee of that corporation. Defendant claims, however, that it was engaged in a joint venture with Suburban and that the plaintiff was an employee of the joint venture, thus relegating him exclusively to his remedy under the Workers' Compensation Law. In the alternative, defendant claims that plaintiff, at the time he was injured, was a special employee of Reliable, having been loaned by Suburban. Reliable, along with two other corporations, Niagara Window Cleaning and Janitorial Services (Niagara) and Suburban, operated out of a building owned by Reliable in Buffalo, New York. The shares of stock in each corporation were owned in equal amounts by two persons who were the principal officers in all three corporations. Reliable was formed in 1969, Niagara in 1972, and Suburban in 1974. Reliable purchased the building in 1972. Niagara and Suburban paid rent to Reliable for the portion of the building each occupied. All three companies shared building maintenance expenses equally. Each corporation had separate payroll records for its employees, but the employees, according to an officer of defendant, "were formed into one pool from which any of said corporations could draw workers to perform particular jobs." Where two or more employers participate in a joint venture, an employee performing work on the joint venture is considered an employee of all the participating employers. Thus, if the employee incurs injuries while engaged in the work of the joint

venture, he may not sue any of the participating employers, but is relegated to his remedy under the Workers' Compensation Law (*Felder v Old Falls Sanitation Co.*, 39 NY2d 855, 856; *Fallone v Misericordia Hosp.*, 23 AD2d 222, affd 17 NY2d 648). A joint venture has been defined as "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge." (*Forman v Lumm,* 214 App Div 579, 583; see *Fallone v Misericordia Hosp., supra.*) Indispensible to the creation of a joint venture is a sharing in the profits and losses of the business (*Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; see 32 NY Jur, Joint Adventures, § 11). The undisputed facts set forth in the motion papers show that there was no sharing of profits and losses. Although the stockholders of the corporations were the same and these stockholders shared in the profits and losses of all three corporations, each corporation was a separate entity which bore its own losses and distributed its profits, not to the other corporations, but to its stockholders. Since defendant has failed to set forth facts showing the existence of a joint venture, Special Term was correct in denying defendant's motion for summary judgment on this ground. Even though two or more associated employers are not engaged in a joint venture, an employee, although nominally in the employment of one employer, may be in the joint employment of more than one (*Matter of Janikowski v Yardleys of London,* 11 AD2d 577; see *Bradford v Air La Carte,* 79 AD2d 553; *Matter of Rossman v Imperial Fashions,* 32 AD2d 1023). It is also possible for an employee in the general employment of one employer to be in the special employment of another (*Matter of Dennison v Peckham Road Corp.,* 295 NY 457; *Doboshinski v Fuji Bank,* 78 AD2d 537; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405). A key factor in determining the existence of either a joint or a special employment is control over the employee (*Brooks v Chemical Leaman Tank Lines, supra,* p 407; *Matter of Rossman v Imperial Fashions, supra,* p 1024). Although defendant alleges that the employees of all three corporations were formed into one pool from which any other corporation could draw workers to perform particular jobs, defendant has not furnished sufficient facts to determine who controls the workers on a particular job. The determination of whether there was a joint employment, therefore, must await the trial where there can be a full development of all the facts bearing upon this issue. The same is true of the question of special employment. Although the defendant has alleged that at the time of his injury plaintiff was in the process of loading equipment for work contracted for by defendant, there is no clear evidence of control by the defendant. (Appeal from order of Supreme Court, Erie County, Ricotta, J. — summary judgment.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.