■ JOSEPH L. RESTIVO et al., Respondents, v SABINA WEINREB, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Kings County (Pizzuto, J.), entered December 16, 1983, which, upon a jury verdict in favor of plaintiffs on the issue of liability, and upon a stipulation fixing the amount of damages, was in favor of plaintiff Joseph Restivo in the principal sum of $460,000, and was in favor of plaintiff Mildred Restivo in the principal sum of $40,000. This appeal brings up for review an order of the same court (Bernstein, J.), dated February 7, 1980, which, after a trial of the issues raised by defendant's motion for summary judgment (CPLR 3212 [c]), determined that plaintiff Joseph L. Restivo was not an employee of defendant.

Judgment affirmed, without costs or disbursements.

Defendant's primary contention on appeal is that she is a general employer of Joseph L. Restivo (hereinafter plaintiff), that workers' compensation insurance had been secured for him, and that his injury occurred within the scope of his employment so that her liability under the Workers' Compensation Law is exclusive of all other liability (*see,* Workers' Compensation Law § 11; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152; *Heritage v Van Patten,* 59 NY2d 1017, *affg* 90 AD2d 936; *O'Rourke v Long,* 41 NY2d 219). Defendant's attorney conceded that plaintiff's special employer was Weinreb Management, a partnership of which defendant was not a member. This fact, however, is not conclusive. A worker might be employed by two or more employers for the purpose of determining whether those employers are shielded by the Workers' Compensation Law from liability in an action at law (*see, e.g., Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405; *Pichardo v Kreger Truck Renting Co.,* 57 AD2d 177; *Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791). In

this case, an issue of fact was created when, on her previous motion for summary judgment, defendant submitted certain evidence that she, along with others, was plaintiff's general employer, while plaintiff denied that he was employed by her, or anyone other than Weinreb Management (*cf. Monteleone v Cardiff Corp.*, 88 AD2d 587). Rather than have this issue submitted to the jury, defendant requested and was granted an immediate trial of this question (*see,* CPLR 3212 [c]). The court (Bernstein, J.), after the trial of the workers' compensation issue, found that defendant was not plaintiff's general employer. This determination is supported by the weight of the evidence adduced at the trial pursuant to CPLR 3212 (c). We note, in particular, that defendant did not testify at that trial on the workers' compensation issue (or at the subsequent trial on the issue of liability) so that the record is devoid of any proof that she hired, supervised, or controlled plaintiff in any way. Accordingly, the finding that she was not his employer must be affirmed.

Defendant also contends that certain errors committed by the trial court deprived her of a fair trial. We have reviewed all of these contentions and find them to be without merit. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.