■ STEVE PATO, Respondent, v SWEENEY STEEL SERVICE CORP., Appellant.—Judgment and order unanimously affirmed, with costs. Memorandum: Plaintiff lost his right arm when he was struck by an overhead crane while painting the inside of a building leased by defendant. Plaintiff sued defendant alleging that at the time of the accident he was not an employee of defendant but was employed by Buffalo Labor Temp. Plaintiff alleged causes of action for defendant's negligent supervision, failure to warn, and failure to provide a safe place to work. Defendant alleged as an affirmative defense that plaintiff was an employee of defendant and that workers' compensation was plaintiff's exclusive remedy. The trial court charged the jury

that whether plaintiff was a special employee of defendant was a question for the jury to decide. The jury found that plaintiff was not a special employee, that defendant breached its duty to provide a safe workplace, that the breach was a proximate cause of plaintiff's injuries and that plaintiff was not contributorily negligent.

Plaintiff was employed by Buffalo Labor Temp, which was in the business of supplying labor on a day-to-day basis to companies, such as defendant. The question of whether plaintiff was a special employee of the defendant was a question of fact for the jury *(Stone v Bigley Bros.,* 309 NY 132; *Irwin v Klein,* 271 NY 477). On this record, the evidence was sufficient to support the verdict *(Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405; *Hill v Erdle Perforating Co.,* 53 AD2d 1008). Defendant's reliance on *O'Rourke v Long* (41 NY2d 219) is misplaced because there plaintiff conceded that he was employed by the defendant, while here the plaintiff's employment status was a key factual issue at trial. We have considered defendant's remaining claims and find them without merit. (Appeal from judgment and order of Supreme Court, Erie County, Joslin, J.—negligence.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.