KENYON v SECOND PRECINCT LOUNGE

Docket No. 99496. Submitted November 8, 1988, at Detroit. Decided
     June 7, 1989.

     Robert J. Kenyon, an employee of Tuff-Kote, Inc., was seriously
     injured when Kenneth Widick, employed by labor broker Em-
     ployer's Temporary Service, Inc., (ETS) and assigned to work at
     Tuff-Kote that day, caused a sixty-pound mini-van door to fall
     across Kenyon's arms. Kenyon claimed that Widick was intoxi-
     cated and had negligently caused the accident. Kenyon filed
     suit against Widick; the Second Precinct Lounge, where Widick
     allegedly had been drinking; the owners of the bar; and ETS in
     Wayne Circuit Court alleging a cause of action sounding in
     negligence. ETS moved for summary disposition on the basis
     that there was no genuine issue of material fact, arguing that
     at the time of the accident Widick was employed by both ETS
     and Tuff-Kote, that plaintiff, being an employee of Tuff-Kote,
     was necessarily a coemployee of Widick, that, as plaintiff's
     coemployee, Widick was immune from suit under the Workers'
     Disability Compensation Act, and that, since Widick was im-
     mune, ETS could not be held liable for his negligence under the
     theory of respondeat superior. The court, Robert J. Colombo,
     Jr., J., ruled that plaintiff was not an ETS employee and,
     therefore, the exclusive remedy provision of the workers' com-
     pensation act did not operate to bar his negligence claim, but
     went on to hold that there was a factual dispute as to whether
     Widick was an employee of Tuff-Kote. The motion was denied.
     ETS appealed by leave granted.

     The Court of Appeals held:

     1. The court erred in finding that there was a genuine issue
     of material fact as to whether Widick was a Tuff-Kote employee
     and thus a coemployee of plaintiff. Under the economic reality
     test, Widick was the employee of both ETS and Tuff-Kote. There

REFERENCES

Am Jur 2d, Master and Servant §§ 398, 399, 404 et seq.; Workmen's
     Compensation §§ 52 et seq., 65 et seq., 231 et seq.
Willful, wanton, or reckless conduct of coemployee as ground of
     liability despite bar of workers' compensation law. 57 ALR4th
     888.

is no genuine issue of material fact as to whether plaintiff and Widick were coemployees.

2. Since plaintiff and Widick are coemployees of Tuff-Kote for purposes of the exclusive remedy provision of the workers' compensation act, Widick is immune from tort liability for plaintiff's injuries.

3. An injured employee may bring an action against third parties other than his employer or coemployees for injuries sustained in the workplace, and, where the negligence of a special employee injures another of the special employer's workers, the victim is not barred by workers' compensation law from suing the general employer of the tortfeasor in negligence on respondeat superior principles. The general employer is liable in tort if, at the time of the injury, it retained total or partial concurrent control over the tortfeasor's work. The immunity granted by the workers' compensation act is personal and does not purport to grant derivative immunity to general employers in the position of ETS.

4. There is nothing in the Michigan workers' compensation act which would bar ETS from seeking indemnity against Widick if it is found to be liable for plaintiff's injuries. However, the possible indemnity right of ETS against Widick does not foreclose plaintiff's common-law action against ETS.

5. There remains a question of fact whether ETS retained any concurrent control over Widick's work. If it did, it would be liable for plaintiff's injuries. Because resolution of this question was for the trier of fact, the trial court properly denied ETS's motion for summary disposition.

Affirmed.

1. Workers' Compensation — Employment Relations — Questions of Law — Questions of Fact.

Whether a company is a particular worker's "employer," as that term is used in the workers' compensation act, is a question of law for the courts to decide if the evidence on the matter is reasonably susceptible of but a single inference; only where the evidence bearing on the company's status is disputed, or where conflicting inferences may reasonably be drawn from the known facts, is the issue one for the trier of fact to decide.

2. Workers' Compensation — Coemployees.

Two persons who work side-by-side for a common purpose at the same location and who share a common employer are coemployees for purposes of the workers' compensation act (MCL 418.101 et seq.; MSA 17.237[101] et seq.).

3. WORKERS' COMPENSATION — INJURED EMPLOYEES — ACTIONS AGAINST THIRD PERSONS.

An injured employee can maintain a common-law action for employment-related damages only where the circumstances of the injury create a legal liability in some person other than a natural person in the same employ or the employer; that is, an injured employee may bring an action against third persons other than his or her employer or coemployees (MCL 418.827[1]; MSA 17.237[827][1]).

4. WORKERS' COMPENSATION — NEGLIGENCE — IMMUNITY OF EMPLOYEE — DERIVATIVE IMMUNITY.

Absent statutory authority to the contrary, there is no derivative immunity of the master from the servant for tortious acts committed within the scope of employment; the immunity granted by the workers' compensation act is personal and does not purport to grant derivative immunity to general employers (MCL 418.101 *et seq.*; MSA 17.237[101] *et seq.*).

5. WORKERS' COMPENSATION — NEGLIGENCE — IMMUNITY OF EMPLOYEE — INDEMNITY.

The workers' compensation act does not bar an employer from seeking indemnity against an employee where the employer is determined to be liable for injuries caused by the employee during the course of his work but the employee is immune from liability under the workers' compensation act (MCL 418.101 *et seq.*; MSA 17.237[101] *et seq.*).

6. MASTER AND SERVANT — TORTS — GENERAL EMPLOYERS — PARTIAL OR CONCURRENT CONTROL OVER TORTFEASOR'S WORK.

A general employer may be liable in tort if, at the time of an injury, he retained total or partial concurrent control over the tortfeasor's work.

7. MASTER AND SERVANT — LABOR BROKERS — VICARIOUS LIABILITY — RESPONDEAT SUPERIOR — COMMON-LAW NEGLIGENCE — IMMUNITY OF EMPLOYEE.

A labor broker may be vicariously liable, under the doctrine of respondeat superior, for the tortious acts of its employee where that employee is statutorily immune from a common-law negligence action.

*Thomas, Garvey, Garvey & Sciotti, P.C.* (by *Christopher R. Sciotti*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton*

(by *Michael M. Wachsberg* and *Timothy F. Casey*), for defendant.

Before: SULLIVAN, P.J., and MAHER and P. J. CLULO,* JJ.

PER CURIAM. Defendant Employers Temporary Service, Inc. (ETS) appeals by leave granted from the March 3, 1987, order of the Wayne Circuit Court which denied its motion for summary disposition as to plaintiff's negligence claim. We affirm.

On March 24, 1984, defendant Kenneth Widick caused a sixty-pound mini-van door to fall across plaintiff's arms, resulting in severe injuries. Plaintiff claimed that Widick was intoxicated and had negligently caused the accident. At the time, Widick was employed by ETS (a labor broker) and was assigned to work at Tuff-Kote, Inc., in Hamtramck. Plaintiff was a former ETS employee and had just accepted full-time employment with Tuff-Kote on the day of the accident.

Plaintiff commenced this lawsuit in the Wayne Circuit Court on November 14, 1984, naming Widick, the bar where Widick had been drinking, and the bar's owners as codefendants. The complaint alleged a cause of action sounding in negligence. On July 11, 1985, plaintiff filed a first amended complaint adding ETS as a named codefendant. The substantive allegations remained the same.

On February 5, 1987, ETS filed a motion for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact. ETS made the following inductive argument: (1) At the time of the accident, Widick was employed by both ETS and Tuff-Kote; (2) plaintiff, being an employee of Tuff-Kote, was necessarily a coemployee of Widick; (3) as plaintiff's coemployee, Widick was im-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mune from suit under the Workers' Disability Compensation Act, MCL 418.827(1); MSA 17.237(827)(1); and (4) since Widick was immune, ETS could not be held liable for his negligence under the theory of respondeat superior.

In response to the motion, plaintiff admitted that "under the holdings of *Farrell v Dearborn Manufacturing Co,* 416 Mich 267 [330 NW2d 397] (1982), defendant Widick must be considered an employee of both ETS and Tuff-Kote but only as the exclusive remedy provision [of the workers' compensation act, MCL 418.131; MSA 17.237(131)] applies to defendant Widick." Plaintiff went on to argue, though, that he was not employed by ETS and, therefore, he and Widick were not coemployees. Plaintiff apparently did not consider the possibility of an employment relationship with Widick vis-à-vis their mutual employment with Tuff-Kote.

A hearing on the motion was conducted on February 27, 1987. The trial court ruled that plaintiff was not an ETS employee and, therefore, the exclusive remedy provision did not operate to bar his negligence suit. As to ETS's claim that plaintiff and Widick were coemployees, the court held:

> I don't even think that I have to get to the second analysis . . . . But if I get to your second analogy [sic: argument?] that Mr. Widick is an employee of both parties, first of all, I don't know if that's true, but there is a factual dispute there. The counsel for plaintiff has provided the Court with sufficient documentary evidence that raises a factual dispute, and makes an issue of whether or not Mr. Widick was an employee of Tuff-Kote, or of the two employers. So, based on all that, your motion is denied.

Accordingly, an order denying summary disposition to ETS was entered on March 3, 1987.

ETS thereafter applied for, and was granted, leave to appeal the denial of its motion to this Court.

The first issue we must address is whether the trial court erred in finding that there was a genuine issue of material fact as to whether Widick was a Tuff-Kote employee, and thus a coemployee of plaintiff. We hold that the trial court did err.

As previously mentioned, plaintiff admitted in his response to ETS's motion for summary disposition that Widick must be considered an employee of both ETS and Tuff-Kote pursuant to the holding of *Farrell, supra.* As to Widick's status as a Tuff-Kote employee, there was no factual dispute. Even had plaintiff not made his concession, though, the trial court nevertheless erred on the facts before it.

Whether a company is a particular worker's "employer," as that term is used in the workers' compensation act, is a question of law for the courts to decide if the evidence on the matter is reasonably susceptible of but a single inference. *Nichol v Billot,* 406 Mich 284, 302-303; 279 NW2d 761 (1979) (quoting *Flick v Crouch,* 434 P2d 256 [Okla, 1967]). Only where the evidence bearing on the company's status is disputed, or where conflicting inferences may reasonably be drawn from the known facts, is the issue one for the trier of fact to decide. *Id.*

The facts of the case are substantially similar to those in *Wooten v Sennett Steel Co* (a companion case to *Farrell, supra*) and *Renfroe v Higgins Rack Coating & Mfg Co, Inc,* 17 Mich App 259, 266; 169 NW2d 326 (1969), wherein it was held that, under the "economic reality test," the plaintiff was employed by both the labor broker and the temporary employer. Without reciting the numerous facts

which satisfy the economic reality test in this case, it is enough to say that, in conformity with *Wooten* and *Renfroe,* Widick was the employee of both ETS and Tuff-Kote.

In his appellate brief, plaintiff seemingly argues that a factual dispute exists as to whether he and Widick were coemployees since he was not employed by ETS. Such an argument is flawed because it ignores the employment relationship that arose by virtue of plaintiff's and Widick's mutual employment with Tuff-Kote. Both the law and logic dictate that two persons, who work side-by-side for a common purpose at the same location and who share a common employer (i.e., Tuff-Kote), are "coemployees" under the workers' compensation act.

Although we have determined that there is no genuine issue of material fact that plaintiff and Widick are coemployees, our inquiry is not at an end. We must now decide how that determination affects ETS's liability, if any, to plaintiff. ETS claims that, since Widick is immune from tort liability, it should not be held vicariously liable for the negligent acts. If that claim is correct, the trial court erred in denying its motion for summary disposition. Hence, the principal issue on appeal is whether a labor broker is vicariously liable, under the doctrine of respondeat superior, for the tortious acts of its employee where that employee is statutorily immune from a common-law negligence action.[1]

---

[1] Due to the trial court's ruling on the summary disposition motion, this issue was not decided below. Generally, we will not address issues which were not decided by the trial court. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988). But, we will do so if, as in this case, the issue is purely legal and necessary to the proper disposition of the case, *State Farm Mutual Automobile Ins Co v CA Muer Corp,* 154 Mich App 330, 334; 397 NW2d 299 (1986), or the interests of justice demand our consideration, see *DeWitt Twp v Clinton Co,* 113 Mich App 709, 713; 319 NW2d 2 (1982).

In Michigan, most workers who are injured on the job fall within the coverage of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* Section 827(1) of the act, which is known as the "coemployee provision," provides that an injured employee can maintain a common-law action for employment-related damages only where the circumstances of the injury create "a legal liability in some person other than a natural person in the same employ or the employer." MCL 418.827(1); MSA 17.237(827)(1), *White v Chrysler Corp,* 421 Mich 192, 196; 364 NW2d 619 (1984). In other words, an injured employee may bring an action against third persons other than his or her employer and coemployees. *Nichol, supra,* p 297. The coemployee provision does not prohibit all lawsuits for injuries sustained in the workplace regardless of the relationship between the injured worker and the tortfeasor. One reason for permitting common-law actions against third-party tortfeasors is to protect the worker and his or her family by recognizing that benefits under the act are not expected to be full compensation for all losses suffered. *Franges v General Motors Corp,* 404 Mich 590, 613; 274 NW2d 392 (1979).

The factual circumstances of the instant case present an issue of first impression not only to this state but apparently to many other states as well. In our research, we have been able to find only three cases where the plaintiff sued a labor broker/general employer in tort for injuries caused by its employee who, at the time, was the plaintiff's fellow employee and thus immune from common-law actions under the exclusive remedy provision of the particular workers' compensation act. Two of those cases—both from California—held that the plaintiff was not barred *as a matter of law*

from bringing a common-law action against the labor broker/general employer. *Marsh v Tilley Steel Co,* 26 Cal 3d 486; 162 Cal Rptr 320; 606 P2d 355 (1980); *Campbell v Harris-Seybold Press Co,* 73 Cal App 3d 786; 141 Cal Rptr 55 (1977). The third case held contra. *Pichardo v Kreger Truck Renting Co, Inc,* 57 AD2d 177; 394 NYS2d 189 (1977). We believe the California cases, especially *Marsh,* are better reasoned and more consistent with the workers' compensation laws of this state.

In *Marsh,* the plaintiff was employed as a truck driver and laborer by Maxwell Construction Company, a general concrete contractor. The defendant, Tilley Steel Company, subcontracted with Maxwell Construction to install reinforced steel in a freeway construction project. During construction, the plaintiff was injured due to the alleged negligence of Andy Wynglarz, a Tilley Steel Employee whose services as a skilled crane operator had been "borrowed" by Maxwell Corporation. 26 Cal 3d 490-492.

The plaintiff thereafter filed a common-law tort action against Tilley Steel and others. By the time a jury trial commenced in the Los Angeles County Superior Court, Tilley Steel remained as the only named defendant. At the conclusion of the plaintiff's proofs, Tilley Steel moved for a judgment of nonsuit. The trial court granted the motion, reasoning that Wynglarz was a special employee of Maxwell Construction and that the plaintiff, as a Maxwell Construction employee too, was limited to his workers' compensation remedy against Maxwell Construction and had no remedy against Tilley Steel. 26 Cal 3d 492.

The case eventually made its way to the California Supreme Court. In reversing the decision of the trial court, the Supreme Court held:

The case involves the interplay between tort and workers' compensation remedies within the relationship of special and general employers and employees. We will conclude that, where the negligence of a special employee injures another of the special employer's workers, the victim is not barred by workers' compensation law from suing the general employer of the tortfeasor in negligence on respondeat superior principles. The general employer is liable in tort if, at the time of the injury, it retained total or partial concurrent control over the tortfeasor's work. [26 Cal 3d 490.]

The *Marsh* court went on to hold that a question of fact existed as to whether Wynglarz remained wholly or partially under Tilley Steel's control at the time of the accident and, thus, the trial court's judgment of nonsuit was improper. 26 Cal 3d 490.

For purposes of the case at bar, the *Marsh* decision is important not so much for its result but for the reasoning used to reach that result. The *Marsh* decision addressed several points that are of concern in the instant case as well.

First, the *Marsh* court noted:

Under the workers' compensation law, recovery of statutory benefits is an injured employee's sole remedy against "the employer or against any other employee of the employer acting within the scope of his employment . . . ." (Lab.Code, § 3601, subd.(a); all statutory references are to that code unless otherwise indicated.) However, this statutory restriction does not affect the employee's rights to tort damages from persons with whom the employee has no employment relationship. (§ 3852; *Witt v Jackson,* (1961) 57 Cal 2d 57, 69; 17 Cal Rptr 369; 366 P2d 641.) [26 Cal 3d 495.]

This is also true in Michigan. Sections 131 and 827(1) of the workers' compensation act, taken together, bar common-law actions only against the

injured worker's employer or coemployee. MCL 418.131 and 418.827(1); MSA 17.237(131) and 17.237(827)(1). The act does not bar the injured worker from seeking damages against a third-party tortfeasor. *Nichol, supra,* p 297.

The *Marsh* court also addressed the claim that the coemployee's statutory immunity should be extended to his or her general employer:

> The identical argument was recently and persuasively rejected in *Campbell v Harris-Seybold Press Co,* (1977) 73 Cal App 3d 786; 141 Cal Rptr 55. The *Campbell* court concluded that, because a coemployee's statutory immunity defense did not determine the merits of the claim, i.e., the negligence of the coemployee, the statutory defense was personal and could not thereby absolve the coemployee's general employer from liability for such negligence on a theory of respondeat superior. *(Id.,* at p 791; 141 Cal Rptr 55; *Cardenas v Ellston,* (1968) 259 Cal App 2d 232, 238; 66 Cal Rptr 128; see *Baugh v Rogers,* (1944) 24 Cal 2d 200, 214; 148 P2d 633; compare *Freeman v Churchhill,* (1947) 30 Cal 2d 453, 461; 183 P2d 4 [invoking a contrary rule where employee's defense does resolve the merits of plaintiff's claim].)
>
> The reasoning of *Campbell* is sound. Where the tortfeasor is not the plaintiff's employer or coemployee, the statutes by necessary implication reserve for plaintiff his tortious remedy against defendant. Moreover, general respondeat superior principles seek to place the cost of work-related negligence on those enterprises the actions of which have produced the negligence risk. (*Hinman v Westinghouse Elec Co, supra,* [1970] 2 Cal 3d [956,] 959-960; 88 Cal Rptr 188; 471 P2d 988.) This policy would be defeated by extending to an employer the benefit of a technical defense reserved solely for the employee. As *Campbell* noted, a defendant has no workers' compensation responsibility to a plaintiff who is not its employee. Accordingly, defendant's argument would relieve de-

fendant from its normal respondeat superior liability, while at the same time giving no accompanying benefit to the workers' compensation system. (73 Cal App 3d at p 791; 141 Cal Rptr 55.) The result in the case before us is that if there is no tort liability of defendant to plaintiff because Wynglarz is deemed plaintiff's fellow employee, and there is no workers' compensation remedy because plaintiff is not defendant's employee, the defendant effectively *immunizes itself from any liability whatever.* [26 Cal 3d 495-496.]

Again, the same reasoning applies under Michigan law. It has been held that, absent statutory authority to the contrary, there is no derivative immunity of the master from the servant for tortious acts committed within the scope of employment. *Hamburger v Henry Ford Hosp,* 91 Mich App 580, 589; 284 NW2d 155 (1979), lv den 407 Mich 942 (1979). Cf., *Nicholson v Detroit,* 129 Mich 246, 255; 88 NW 695 (1902) ("one cannot be held liable under an application of the rule of *respondeat superior* where he would not be liable for the same act of negligence if done by himself . . ."). In the instant case, the immunity granted by the workers' compensation act is personal and does not purport to grant derivative immunity to general employers in the position of ETS. Additionally, like Tilley Steel in *Marsh,* ETS here had no workers' compensation responsibility to plaintiff since it was not his employer. To grant ETS derivative immunity would effectively shield it from all liability, either for common-law damages or for workers' compensation benefits, without obtaining any accompanying benefit to the workers' compensation system.

Finally, the *Marsh* court addressed the problem of the general employer suing its employee (the actual tortfeasor) for indemnification and, thus,

circumventing the immunity conferred upon that employee under the workers' compensation act. The court stated that this was not cause for concern because a provision of the California workers' compensation act provided that the employee " 'shall [not] be held liable, directly or indirectly, to his employer, for injury or death of a coemployee.' " 26 Cal 3d 496 (citing Lab Code, § 3601[d]). Because Tilley Steel's liability, if any, was premised on its status as Wynglarz' employer, it was precluded, under the above provision, from suing Wynglarz for indemnity. Hence, the *Marsh* court concluded that there was no fear that the injured party's suit would produce indirect liability for an immune party. *Id.*

The Michigan workers' compensation act, unlike the California act, does not have a provision which exempts the immune employee from indirect liability to his or her employer. Consequently, there is nothing which would bar the employer from seeking indemnity against the employee. This, of course, would accomplish indirectly that which could not be done directly under this state's workers' compensation scheme, i.e., exposing the employee to civil liability for torts committed to a coemployee. However, unlike the California courts (see *Popejoy v Hannon,* 37 Cal 2d 159; 231 P2d 484 [1951]), we do not believe this indirect civil liability warrants extending immunity to ETS.

It is well established in Michigan that an action for indemnity, either contractual or at common law, is not precluded by the Michigan workers' compensation act where the indemnitee is free from personal fault even though the indemnitor would otherwise be immune from suit by the injured employee.[2] See, e.g., *Indemnity Ins Co of*

---

[2] In the case at bar, plaintiff's complaint did not allege any personal

*North America v Otis Elevator Co,* 315 Mich 393, 398-399; 24 NW2d 104 (1946); *Ready v Clark Equipment Co,* 91 Mich App 474, 477-478; 283 NW2d 650 (1979), lv den 407 Mich 888 (1979); *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424, 430-431; 210 NW2d 448 (1973), lv den 391 Mich 754 (1973). We hold that ETS's possible indemnity right against Widick does not foreclose plaintiff's common-law action against ETS.

Having concluded that plaintiff is not barred as a matter of law from suing ETS in tort, we must next decide whether such a suit is supported by the facts of the case. In *Marsh,* it was held that the general employer would be liable in tort if, at the time of the injury, he retained total or partial concurrent control over the tortfeasor's work. 26 Cal 3d at 494-495. That rule is consistent with Michigan law. See *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 718-719; 211 NW2d 88 (1973), lv den 391 Mich 765 (1974). Here, there remains a question of fact whether ETS retained any concurrent control over Widick's work. If it did, it would be liable for plaintiff's injuries (although its indemnity rights against Widick would remain intact). Because resolution of this question was for the trier of fact, the trial court properly denied ETS's motion for summary disposition.[3]

Affirmed.

---

fault on the part of ETS. Its presence in the lawsuit was based only on its responsibility and liability for the negligent acts of Widick under the doctrine of respondeat superior.

[3] We recognize that the trial court denied the motion on a different ground. However, this Court may affirm the decision of a trial court where the correct result was reached although for the wrong reason. *Albro v Total Petroleum, Inc,* 108 Mich App 1, 4; 310 NW2d 252 (1981), lv den 413 Mich 870 (1982).