TUCKER v COUNTY OF NEWAYGO

Docket No. 119190. Submitted November 14, 1990, at Grand Rapids. Decided June 3, 1991, at 9:50 A.M. Leave to appeal sought.

Marilyn Tucker, an employee of the probation and parole department of the Newaygo Circuit Court, and her husband, Michael Tucker, brought an action in the Newaygo Circuit Court against the County of Newaygo, seeking damages, pursuant to the public building exception to governmental immunity, for an injury Marilyn Tucker sustained when she slipped and fell while at work. The court, Anthony A. Monton J., granted summary disposition for the county finding the county and the State of Michigan to be coemployers of Mrs. Tucker, and ruling that the action was barred by the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). The plaintiffs appealed, and the county cross appealed.

The Court of Appeals held:

Persons employed in circuit court probation and parole departments are employees of the State of Michigan. Actions for work-related personal injury brought by such employees against the counties in which their courts are located are not barred by the exclusive remedy provision of the workers' compensation act.

Reversed.

MICHAEL J. KELLY, P.J., dissenting in part, agreed that the trial court erred in granting summary disposition, but stated that the case should be remanded for trial because the question whether the defendant was an employer of Mrs. Tucker should be left to the trier of fact, given the differing inferences which may be drawn from an application of the economic reality test to the circumstances of this case.

*Libner, Van Leuven, Kortering, Evans & Portenga, P.C.* (by *John A. Braden*), for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Catherine D. Jasinski*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and
SHEPHERD, JJ.

SHEPHERD, J. Plaintiffs appeal as of right the
trial court's opinion and order granting summary
disposition to defendant on the ground that plain-
tiff Marilyn Tucker's action, and, thus, plaintiff
Michael Tucker's claim of loss of consortium, were
barred by the exclusive remedy provision of the
Workers' Disability Compensation Act, MCL
418.131; MSA 17.237(131), because defendant was
Marilyn Tucker's employer. Defendant cross ap-
peals, claiming that even if the trial court erred in
granting summary disposition on this ground,
summary disposition could have been properly
granted on several other grounds and its order
should nonetheless be affirmed. We reverse and
hold that employees of circuit court probation and
parole departments are employees of the State of
Michigan and that suits against the counties in
which their offices are located are not barred by
the exclusive remedy provision of the Workers'
Disability Compensation Act.

In this opinion we will refer to Marilyn Tucker
as the plaintiff. Plaintiff claims that on February
18, 1986, while employed as a secretary for the
Newaygo Circuit Court Probation and Parole De-
partment, she slipped and fell in water located in
a hallway of the government complex in which she
worked. Plaintiff's claim for damages resulting
from the fall was premised on the public building
exception to governmental immunity, set forth in
MCL 691.1406; MSA 3.996(106).

In granting defendant's motion, the trial court
determined that plaintiff was an employee of both
the State of Michigan and defendant. While the
state was responsible for plaintiff's salary, had the
right to discipline or fire her, and was responsible

for supervising her, the defendant county was statutorily responsible for providing the facilities, equipment, and supplies necessary for the probation and parole department to function. See MCL 791.223a; MSA 28.2293(1). The court concluded that defendant's contribution to the functioning of the department was as necessary as the state's in providing probation services to the circuit court and that plaintiff's duties were primarily designed to assist in providing such services.

This Court, in *Derigiotis v J M Feighery Co*, 185 Mich App 90, 94-95; 460 NW2d 235 (1990), recently summarized the standard of review and legal principles to be applied in cases such as this:

> In *Kenyon v Second Precinct Lounge*, 177 Mich App 492, 497; 442 NW2d 696 (1989), a panel of this Court enunciated the standard for deciding motions for summary disposition on the issue whether a company is the employer of a worker under the WDCA:
>
> "Whether a company is a particular worker's 'employer,' as that term is used in the workers' compensation act, is a question of law for the courts to decide if the evidence on the matter is reasonably susceptible of but a single inference. *Nichol v Billot*, 406 Mich 284, 302-303; 279 NW2d 761 (1979) (quoting *Flick v Crouch*, 434 P2d 256 [Okla, 1967]). Only where the evidence bearing on the company's status is disputed, or where conflicting inferences may reasonably be drawn from the known facts, is the issue one for the trier of fact to decide. *Id.*"
>
> The appropriate test for determining whether defendant . . . was plaintiff's employer is the economic reality test. *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 647; 364 NW2d 670 (1984). The economic reality test looks to the totality of the circumstances surrounding performed work. The relevant factors considered under the test have been summarized as: (1) control of a worker's

duties, (2) payment of wages, (3) right to hire, fire and discipline, and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976); *Andriacchi v Cleveland Cliffs Iron Co,* 174 Mich App 600, 605; 436 NW2d 707 (1989), lv den 433 Mich 879 (1989); *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204, 209; 395 NW2d 289 (1986), lv den 428 Mich 859 (1987); *Lambard v Saga Food Service, Inc,* 127 Mich App 262, 270; 338 NW2d 207 (1983), lv den 419 Mich 958 (1984). Under this test, all of the factors are viewed as a whole and no single factor is controlling. *Farrell v Dearborn Mfg Co,* 416 Mich 267, 276; 330 NW2d 397 (1982).

In the case at bar, the trial court considered each factor of the economic reality test but appears to have deemed the fourth factor controlling. This was error because no single factor controls. *Farrell, supra.* Furthermore, the primary function of the probation and parole department is, as the trial court correctly noted, to assist the circuit court. However, a circuit court is not part of county government but rather part of the state judicial system. MCL 600.151; MSA 27A.151. While it is true that the department could not function on a day-to-day basis without offices and office supplies, this fact alone does not establish an employment relationship between plaintiff and the county. The trial court erred in finding defendant was plaintiff's "co-employer" and in granting summary disposition to defendant on that ground.

We decline review of the issues raised by defendant in its cross appeal because, although raised below, they were never addressed by the trial court. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

Reversed.

GRIBBS, J., concurred.

MICHAEL J. KELLY, P.J. (*concurring in part and dissenting in part*). I agree with the majority that the trial court erred in granting summary disposition in favor of defendant. I do not, however, agree that the matter should be summarily disposed of in plaintiff's favor. Accordingly, I would remand the case for trial.

I find that defendant has presented evidence which arguably would satisfy factor 4 of the economic reality test and that a triable issue therefore has been presented. As stated in the majority opinion, defendant is statutorily responsible for providing the facilities, equipment, and supplies necessary for the probation and parole department to function. Defendant, through its essential support of the department, is thus responsible, along with the state, for providing the circuit court with probation services. Plaintiff's role with the department was to assist in the delivery of such services. On the basis of this evidence, a reasonable trier of fact could find that the performance of plaintiff's duties was an integral part of defendant's ability to provide the circuit court with probation services, thereby satisfying factor 4 of the test.

Having found evidence to support the fourth factor of the economic reality test, and given the significance of defendant's contribution to the probation and parole department, I conclude that, when viewing the evidence in the light most favorable to defendant, a rational trier of fact could find that defendant was plaintiff's "co-employer." Where differing inferences may reasonably be drawn from the known facts, the issue is one for the trier of fact. *Nichol v Billot,* 406 Mich 284, 302; 279 NW2d 761 (1979). Furthermore, I do not find it dispositive that defendant has met only one

of the four test factors, because it is the totality of the circumstances surrounding the employment which must be considered, not the number of factors satisfied. See *Farrell v Dearborn Mfg Co,* 416 Mich 267, 276; 330 NW2d 397 (1982). Neither is it dispositive that the circuit court is part of the state judiciary, because court employees have been held to be employees of the county for purposes of the Workers' Disability Compensation Act. See *Nezdropa v Wayne Co,* 152 Mich App 451; 394 NW2d 440 (1986).

I would remand for trial.