■ JERZY WIDAWSKI, Respondent, v UNITED BEEF PACKERS, INC., Appellant.—Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered April 24, 1991, upon a jury verdict in favor of plaintiff against defendant in the total sum of $303,098.47, inclusive of disbursements and interest, unanimously affirmed, with costs.

A jury verdict will not be set aside as being contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence *(see, Yalkut v City of New York,* 162 AD2d 185). The record amply supports the jury's determination that the Indianapolis plant where plaintiff sustained a severed ulnar nerve of his dominant right hand was under the sole control of defendant United Beef Packers as of September 7, 1986. The evidence also sufficiently supported plaintiff's claim that one of defendant's employees negligently operated the frankfurter processing machine so as to injure plaintiff. No basis exists to disturb the jury's finding of no comparative negligence on plaintiff's part *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). As proof was adduced concerning the level of control exerted by plaintiff's employer, Hebrew National Kosher Foods, over defendant's employees, the trial court properly declined to

charge the jury on the legal principles relating to a "special employee" *(Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405, 407).

The jury's award of $100,000 and $187,000 (over 25 years) for past and future pain and suffering, respectively, as well as $500 for past medical expenses and $2,500 for future medical expenses, does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]).

We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.