HOWARD v DUNDEE MANUFACTURING COMPANY, INC

Docket No. 133027. Submitted July 7, 1992, at Detroit. Decided September 9, 1992, at 9:15 A.M.

> William B. Howard brought an action in the Monroe Circuit Court against Dundee Manufacturing Company, Inc., and others, seeking damages for an injury suffered while operating a machine in the course of his employment with Ladapa Die & Tool, Inc. Dundee moved for summary disposition on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act, alleging that it was a sister corporation of Ladapa and shared the same building, personnel, and equipment and that the plaintiff was also its employee under the economic reality test. The court, William F. LaVoy, J., granted the motion. The plaintiff appealed.
>
> The Court of Appeals *held:*
>
> Because the facts as pleaded present disputes concerning whether the defendant controlled the plaintiff's duties; paid the plaintiff's wages; had the power to hire, fire, or discipline the plaintiff; and used the plaintiff's services as an integral part of its business toward the accomplishment of a common goal, it was error for the trial court to conclude that the pleadings and the inferences drawn from those pleadings clearly established that the plaintiff was an employee of the defendant. Summary disposition was not appropriate in the face of the disputed questions of fact.
>
> Reversed and remanded.

*Philo, Atkinson, Steinberg, White & Keenan* (by *Stanley L. White* and *David D. Whitaker*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendant.

Before: MURPHY, P.J., and SHEPHERD and T. S. EVELAND,* JJ.

PER CURIAM. Plaintiff, William B. Howard, appeals as of right from an order of summary disposition in favor of defendant Dundee Manufacturing Company, Inc.

On July 22, 1987, plaintiff was severely injured when his hand got caught in a machine he was operating while employed by Ladapa Die & Tool, Inc. Ladapa and Dundee are sister corporations that are involved in sheet metal stamping. They share the same building, personnel, and equipment. As a result of his injury, plaintiff filed products liability actions against defendants Yeck Manufacturing Company, Yoder Company, and Intercole Bolling Corporation, successor-in-interest to Yoder. On April 27, 1988, plaintiff filed an amended complaint naming Dundee as an additional defendant.[1] Plaintiff alleged that Dundee, as the "owner and/or seller" of the machine, was negligent and breached its duties by failing to adequately instruct users on the safe operation of the machine, failing to provide and install proper safety devices and warnings, and failing to supervise use of the machine. With the exception of Dundee, all the parties named in the action either reached a settlement with plaintiff or entered into a stipulation to dismiss. Consequently, Dundee is the only defendant on appeal.

On May 1, 1989, Dundee moved for summary disposition under MCR 2.116(C)(8) and (10), claiming that, under the economic reality test, plaintiff was an employee of both Dundee and Ladapa and that plaintiff's exclusive remedy against Dundee

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Loopco Industries, Inc., was later added as a defendant in a second amended complaint.

rested in the Workers' Disability Compensation Act pursuant to MCL 418.131; MSA 17.237(131). On October 16, 1989, the trial court granted Dundee's motion.

Plaintiff argues that the trial court erred in granting summary disposition in favor of Dundee under the economic reality test because he was not an employee of Dundee at the time of his injury.

The exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), provides:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer.

In *Tucker v Newaygo Co,* 189 Mich App 637, 639-640; 473 NW2d 706 (1991), this Court, quoting from *Derigiotis v J M Feighery Co,* 185 Mich App 90, 94-95; 460 NW2d 235 (1990), set forth the standard of review and legal principles to be applied in such cases:

> In *Kenyon v Second Precinct Lounge,* 177 Mich App 492, 497; 442 NW2d 696 (1989), a panel of this Court enunciated the standard for deciding motions for summary disposition on the issue whether a company is the employer of a worker under the WDCA:
>
> "Whether a company is a particular worker's 'employer,' as that term is used in the workers' compensation act, is a question of law for the courts to decide if the evidence on the matter is reasonably susceptible of but a single inference. *Nichol v Billot,* 406 Mich 284, 302-303; 279 NW2d 761 (1979) (quoting *Flick v Crouch,* 434 P2d 256 [Okla, 1967]). Only where the evidence bearing on the company's status is disputed, or where conflicting inferences may reasonably be drawn from the known facts, is the issue one for the trier of fact to decide. *Id.*"

The appropriate test for determining whether defendant . . . was plaintiff's employer is the economic reality test. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 647; 364 NW2d 670 (1984). The economic reality test looks to the totality of the circumstances surrounding performed work. The relevant factors considered under the test have been summarized as: (1) control of a worker's duties, (2) payment of wages, (3) right to hire, fire and discipline, and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976); *Andriacchi v Cleveland Cliffs Iron Co,* 174 Mich App 600, 605; 436 NW2d 707 (1989), lv den 433 Mich 879 (1989); *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204, 209; 395 NW2d 289 (1986), lv den 428 Mich 859 (1987); *Lambard v Saga Food Service, Inc,* 127 Mich App 262, 270; 388 NW2d 207 (1983), lv den 419 Mich 958 (1984). Under this test, all of the factors are viewed as a whole and no single factor is controlling. *Farrell v Dearborn Mfg Co,* 416 Mich 267, 276; 330 NW2d 397 (1982).

In the present case, after reviewing all the factors as a whole, we do not believe that the evidence concerning whether plaintiff was an employee of Dundee is reasonably susceptible of but a single inference.

First, with respect to the control of plaintiff's duties, the evidence is conflicting concerning who controlled plaintiff's duties. While Ladapa and Dundee shared the same comptroller, plant manager, and plant superintendent, plaintiff's immediate supervisor was an employee of Ladapa. Second, regarding the payment of wages, Dundee and Ladapa maintained a central accounting office at the plant's location and contracted with Time Share, an outside company, to maintain the payroll records and to issue the payroll for both Dundee and

Ladapa. Time Share performed this function for both Dundee and Ladapa and then billed them separately. However, while Dundee and Ladapa maintained a central accounting office and hired Time Share, plaintiff was paid from the general account of Ladapa, thereby creating a question of fact regarding who actually paid plaintiff's wages. Third, regarding the right to hire, fire, and discipline, questions of fact also arise. Evidence was adduced that plaintiff's immediate supervisor was an employee of Ladapa. However, evidence was also adduced that executive management from both Dundee and Ladapa had the power to hire and fire employees of either Ladapa or Dundee and that foremen of either Dundee or Ladapa had the power to direct employees of either company. Finally, concerning whether plaintiff's duties were an integral part of Dundee's business toward the accomplishment of a common goal, we believe that questions of fact exist. While Dundee and Ladapa share the same owner, plant manager, plant supervisor, plant engineer, die setters, and production and control supervisor, they also filed separate federal income taxes in 1986, 1987, and 1988, maintained separate checking accounts, billed separately, issued separate purchase orders, were incorporated separately, maintained separate ownership of furniture, fixtures, and machines, and maintained separate telephone numbers and listings.

We conclude after reviewing all the factors as a whole, that different inferences reasonably could be drawn from the facts concerning whether plaintiff was an employee of Dundee. Accordingly, the trial court erred in granting Dundee's motion for summary disposition.

Reversed and remanded. We do not retain jurisdiction.