■ . HOWARD C. SCHLUTER, Respondent, v. HAVERSTRAW TOWN TERCENTENNIAL, INC. et al., Defendants, and SMITH AWNING & TENT CO., Appellant.— In a negligence action to recover damages for personal injuries, defendant Smith Awning & Tent Co. appeals from so much of an order of the Supreme Court, Rockland County, dated March 13, 1969, as denied its motion for leave to amend its answer to plead a defense that plaintiff, at the time of the alleged accident, was its (said defendant's) special employee and therefore plaintiff's exclusive remedy is under the provisions of the Workmen's Compensation Law. Order reversed insofar as appealed from, on the law and in the exercise of discretion, and motion granted, on condition that appellant pay plaintiff a full bill of costs up to date, including $50 costs and disbursements of this appeal, which are herewith granted to plaintiff against appellant, within 10 days after plaintiff shall have procured all said costs and disbursements to be taxed. Appellant's amended answer shall be served within 20 days after entry of the order hereon. While there was undue delay on the part of appellant in that the motion was made on the eve of trial — over two years after joinder of issue—Special Term erred in denying the motion, since plaintiff's exclusive remedy would be under the provisions of the Workmen's Compensa-

tion Law if the factual matter in the defense in question is established (*Ruggiero* v. *Faulkner*, 31 A D 2d 639; *Giliberti* v. *City of New York*, 23 A D 2d 666). Christ, Acting P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.