■ ANNUNZIATO CAMELI et al., Appellants, v PACE UNIVERSITY, Defendant and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 14, 1986, which, *inter alia,* granted the defendant's motion (1) to amend its answer to include the affirmative defense that the action was barred by Workers' Compensation Law § 11, and (2) for summary judgment dismissing the complaint based upon the exclusivity of the workers' compensation remedy.

Ordered that the order is affirmed, with costs.

The plaintiff Annunziato Cameli seeks damages for personal injuries he allegedly sustained when he slipped and fell in a machine room on the defendant Pace University's Westchester campus. After completion of discovery and just prior to jury selection, Special Term granted the defendant leave to amend its answer to include the affirmative defense of the exclusivity of the workers' compensation remedy, based upon the fact that Mr. Cameli had filed a claim and received compensation benefits from his general employer, National Cleaning Contractors. Finding that Pace University was a special employer

of the plaintiff, the court granted the defendant's motion for summary judgment and dismissed the plaintiffs' complaint on the ground that Mr. Cameli was limited exclusively to the remedy of workers' compensation. National Cleaning Contractors' cross motion to dismiss the third-party complaint was also granted.

Special Term did not abuse its discretion in granting the defendant leave to amend its answer to include the defense of the Workers' Compensation Law (see, CPLR 3025 [b]). While there was undue delay on the defendant's part in that the motion was made on the eve of trial (almost three years after joinder of issue), Special Term properly granted leave to amend since there was no prejudice to the plaintiffs and the plaintiffs' exclusive remedy would be under the provisions of the Workers' Compensation Law if the factual matter in the defense in question was established (see, Murray v City of New York, 43 NY2d 400, rearg dismissed 45 NY2d 966; Schluter v Haverstraw Town Tercentennial, 34 AD2d 654).

Moreover, the proof clearly establishes as a matter of law the existence of a special employment relationship between Mr. Cameli and Pace University. It is well settled that one who is in the general employ of one party may be in the special employ of another despite the fact that the general employer is responsible for the payment of wages, has the power to hire and fire, has an interest in the work performed by the employee, maintains workers' compensation for the employee, and provides some, if not all, of the employee's equipment (Stone v Bigley Bros., 309 NY 132; Irwin v Klein, 271 NY 477; Brooks v Chemical Leaman Tank Lines, 71 AD2d 405). While there are many factors to consider in determining whether a special employment relationship exists, the key factor is the right to direct the work and the degree of control exercised over the employee (see, Irwin v Klein, supra; Poppenberg v Reliable Maintenance Corp., 89 AD2d 791; O'Brien v Garden Way Mfg., 72 AD2d 860).

At bar, pursuant to a contract between Pace University and National Cleaning Contractors, Mr. Cameli was supplied to Pace University to perform maintenance and mechanical duties on the campus. The record reveals that, although National Cleaning Contractors was responsible for supplying paychecks and maintaining insurance, all of the principal concomitants of an employee-employer relationship between Mr. Cameli and Pace University are extant. Mr. Cameli had been permanently assigned to work exclusively at Pace University on a full-time basis for the previous year and a half; he

considered Pace University's chief engineer to be his foreman to whom he directly reported and rendered his written work reports; he participated in a training program sponsored by Pace University under the supervision of its chief engineer; he was directed by Pace University's chief engineer in his daily work duties; and, under the contract between Pace University and National Cleaning Contractors, he could be fired by Pace University without any input from or explanation to National Cleaning Contractors. We note that while the issue of special employment is often a question of fact for the jury *(see, Abramson v Long Beach Mem. Hosp.,* 103 AD2d 866; *Brooks v Chemical Leaman Tank Lines, supra; Hill v Erdle Perforating Co.,* 53 AD2d 1008), the indicia of special employment in the instant case are so strong that, in the absence of a triable issue, the court properly determined it as a matter of law *(see, Doboshinski v Fuji Bank,* 78 AD2d 537).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.