■ COLOGERO RICHIUSA et al., Respondents, v KAHN LUMBER

& MILLWORK CO., INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendant Flushing Truck Repair Co. appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated January 29, 1988, as denied its motion for summary judgment dismissing the complaint as against it, and the defendant, Kahn Lumber & Millwork Co., Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' motions are granted, and the complaint is dismissed.

In October 1981 the plaintiff Cologero Richiusa was injured in the workshop of the Flushing Truck Repair Co., Inc. (hereinafter Flushing Truck). Thereafter the plaintiff commenced this action against Flushing Truck and Kahn Lumber & Millwork Co., Inc. (hereinafter Kahn) alleging that each of them either owned or controlled the premises and was negligent in the operation and maintenance thereof. Each of the defendants moved for summary judgment. In an affirmation in support of Kahn's motion, its attorney alleged, *inter alia,* that Workers' Compensation Law § 11 barred the plaintiffs' action since the injured plaintiff was an employee of Kahn. In an affirmation in support of its motion Flushing Truck alleged that Workers' Compensation Law § 11 also barred the plaintiffs' claim against it because the injured plaintiff was a special employee of Flushing Truck. In their opposition papers the plaintiffs alleged that a question of fact existed as to which company was actually the employer of the injured plaintiff. The Supreme Court denied the defendants' motions and this appeal ensued.

Following his injury, the injured plaintiff filed for and received workers' compensation benefits as an employee of Kahn. He is therefore barred from maintaining this action against Kahn since the benefits he was awarded represent his exclusive remedy against Kahn *(see, Werner v State of New York,* 53 NY2d 346; *Scimeca v Town of Babylon,* 108 AD2d 848). The plaintiffs allege that the Workers' Compensation Board is reassessing the award in light of the possibility that the injured plaintiff may not have been Kahn's employee on the day of the accident. While Workers' Compensation Law § 123 allows the Board to modify or change its decisions, until such time as the Board actually rescinds its decision awarding the plaintiff benefits as an employee of Kahn, that award

stands as a bar to the present action *(see, Werner v State of New York, supra,* at 355).

There is sufficient evidence also in the record to conclude, as a matter of law, that the injured plaintiff was a special employee of Flushing Truck. The record reveals that he had worked at Flushing Truck's premises for almost two years prior to the accident. He punched a time clock and received uniforms from Flushing Truck. Most importantly he received instructions and supervision from a Flushing foreman. It is therefore established that Flushing Truck directed the work and exercised such a degree of control over the plaintiff that he must be considered their special employee *(see, Cameli v Pace Univ.,* 131 AD2d 419; *Doboshinski v Fuji Bank,* 78 AD2d 537). Where, as here, the employee elects to receive workers' compensation benefits from his general employer (Kahn), the special employer is shielded from any action at law commenced by the employee *(see, Doboshinski v Fuji Bank, supra.)* Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.