■ ALDO PISICCHIO, Respondent, v SALEM TRANSPORTATION Co., INC., Appellant, et al., Defendants.—In an action to

recover damages for personal injuries, the defendant Salem Transportation Co., Inc. appeals from an order of the Supreme Court, Queens County (Durante, J.), dated December 22, 1987, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

On December 7, 1982, the plaintiff, Aldo Pisicchio, a limousine and van driver, sustained personal injuries when he fell while exiting a dispatcher trailer-office. The stairway leading to the ground outside the trailer door had allegedly been moved away from the doorway causing the plaintiff to fall approximately five feet to the ground and sustain injuries.

The plaintiff worked as a driver for the defendant Salem Transportation Co., Inc. (hereinafter Salem) and the defendant Metropolitan Limousine Service Inc. (hereinafter Metropolitan). The two companies are separate but "affiliated" concerns, and the dispatcher trailer-office, from which the plaintiff was exiting when he was injured, was used as a joint facility by Salem, Metropolitan and a third concern, not a party to this action. Local trips were operated by Metropolitan while longer trips were undertaken by Salem. Vouchers assigning trips, as well as paychecks, reflected the particular company involved. On December 7, 1982 the plaintiff was given a Metropolitan voucher for a local trip, and was on his way to drive for Metropolitan at the time he was injured. However, the record also conclusively indicates that (1) the trailer-office was leased by Salem and was denoted only with Salem's name, (2) all employees, including the plaintiff, were hired by Salem, and their paychecks were prepared by a Salem employee, (3) the dispatcher, an employee of Salem, dispatched vehicles for all three companies, (4) all the vehicles were jointly owned and registered by the three companies and (5) all the drivers, including the plaintiff, wore a Salem uniform, regardless of whether the particular trip was local or longer. Under these circumstances, it is clear that the plaintiff was an employee of Salem. Therefore, the exclusive remedy of workers' compensation precludes the instant action against Salem *(see,* Workers' Compensation Law §§ 11, 29 [6]; *see generally, Matter of Dennison v Peckham Rd. Corp.,* 295 NY 457; *Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791; *Fallone v Misericordia Hosp.,* 23 AD2d 222, *affd* 17 NY2d 648;

*Matter of Janikowski v Yardleys of London,* 11 AD2d 577).
Mangano, P. J., Thompson, Kunzeman and Rubin, JJ., concur.