FOURTH DEPARTMENT, DECEMBER, 1990

(December 21, 1990)

■ JEANNE JERAS, as Administratrix of the Estate of PAUL A. JERAS, Deceased, Respondent-Appellant, v EAST MANUFACTURING CORP. et al., Defendants, and BROWNING-FERRIS INDUSTRIES, INC., et al., Appellants-Respondents. (Appeal No. 1.)— Judgment reversed on the law without costs and complaint dismissed. Memorandum: The trial court should have dismissed the complaint in this wrongful death action as against defendant Newco Waste Systems (Newco) because the proof shows that decedent's death was caused while he was acting in the course of his special employment with Newco. Although American Stevedoring paid decedent, furnished him with health insurance, and retained the right to hire and fire him, the facts established as a matter of law that decedent was a special employee of Newco *(see, Cameli v Pace Univ.,* 131 AD2d 419, 420). "[I]n determining whether a special employment relationship exists, the key factor is the right to direct the work and the degree of control exercised over the employee" *(Cameli v Pace Univ., supra,* at 420). Here, decedent applied for employment at the Newco office and was employed at the instance of Newco. Although American Stevedoring had the right to discipline and to fire employees assigned to Newco, it would do so only on the recommendation of Newco. The proof is undisputed that all of decedent's work assign-

ments and day-to-day activities were directed and controlled by Newco and not by American Stevedoring. Moreover, the contract between the general employer and Newco expressly provided that it was Newco's responsibility to direct and supervise the day-to-day activities of the employees, to provide the employees with work assignments, and to exercise control over them.

Having found that the complaint must be dismissed as against Newco because decedent was its special employee, we need not decide whether the evidence was sufficient to prove that Newco was guilty of any negligence contributing to the death of plaintiff's decedent.

The complaint should have been dismissed as against defendant Browning-Ferris Industries (BFI) as well. When the case was submitted to the jury, the court charged that plaintiff claimed that BFI, along with the others, was negligent in failing to warn decedent of the correct use of the trailer, in assisting to establish the route driven by decedent, in allowing the trailer to be filled over the recommended capacity and in failing to guide decedent safely through the route in question. There is no showing of any negligence on the part of BFI that contributed to decedent's death. There was no evidence presented that BFI assumed day-to-day control and supervision of the drivers concerning the method of driving or the route taken, or day-to-day supervision of the loading and weight of the loads on the trailers, or that it directed or encouraged that the trailers be overloaded.

Not only was there no showing that defendant BFI was guilty of any independent negligence that caused the accident, but there is insufficient evidence to hold BFI liable upon the principle of piercing the corporate veil.

"[A] party seeking to pierce the corporate veil must plead and prove (1) complete domination and control of the subsidiary by the parent, not only generally, but with respect to the transaction at issue, (2) that this control was used to commit a fraud or other wrong, in contravention of the plaintiff's rights, and (3) that the control and its misuse caused the loss *(Musman v Modern Deb,* 50 AD2d 761, 762)." *(Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522, 523.) Here, not only did plaintiff fail to prove "complete domination and control of the subsidiary by the parent", but, most significantly, plaintiff failed to prove that such control and its misuse caused the wrong. There was no showing that anything BFI did by way of controlling its subsidiary was a contributing cause of the death of decedent.

All concur, except Dillon, P. J., and Lawton, J., who dissent in part and vote to reverse and grant a new trial as against defendant Newco Waste Systems, in the following memorandum.

Dillon, P. J., and Lawton, J. (dissenting). We respectfully dissent in part. Although we agree with the majority's conclusion that the trial court erred in finding as a matter of law that plaintiff's decedent was not a special employee of defendant Newco Waste Systems (Newco), we cannot agree with the majority's conclusion that plaintiff's decedent was, as a matter of law, a special employee of Newco. Whether an employee of one party is a special employee of another party is generally a question of fact for the jury (see, Stone v Bigley Bros., 309 NY 132; Matter of Abramson v Long Beach Mem. Hosp., 103 AD2d 866). Here, decedent was hired, paid and furnished with health insurance and other benefits by American Stevedoring. In addition, the contract between Newco and American Stevedoring provided that American Stevedoring would be responsible for hiring, firing and disciplining the drivers it provided to Newco. Further, the contract specifically stated that the drivers would be "solely" the employees of American Stevedoring. Unlike the majority, we believe that Newco's control over decedent was limited. Newco did not control decedent's actual driving of the vehicle. When the accident occurred decedent was driving alone and unsupervised over an unfamiliar route. At that time decedent was following a truck driven by Thomas Barger, another American Stevedoring driver transporting garbage for Newco, who testified that Newco did not provide any directions concerning the route to be taken or instructions regarding the difficult curves on Beechwood Road, where the accident occurred. Decedent's driving habits could only be controlled through disciplinary action and the right to discipline was retained under the contract exclusively by American Stevedoring. Newco could tell decedent only when and where to drive. Such evidence is insufficient to hold that a special employment was created as a matter of law because, as stated in Bartolomeo v Bennett Contr. Co. (245 NY 66, 70), "[t]he party possessing the power to exercise such control, rather than the party having authority to designate the place and time for the performance of the work, is the master who must respond for the negligence of the servants". Whether decedent was a special employee of Newco presents a question of fact for the jury. We would, therefore, reverse and grant a new trial as against defendant Newco.

We agree with the majority's holding reversing the jury

verdict and dismissing plaintiff's complaint against defendant Browning-Ferris Industries. (Appeals from judgment of Supreme Court, Niagara County, Koshian, J.—negligence.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ. *[See,* 143 Misc 2d 188.]