■ CATHY E. LESANTI, Appellant-Respondent, v HARMAC INDUSTRIES, INC., Respondent-Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court did not abuse its discretion in granting defendant's motion to renew. Although a court may properly deny a motion to renew where the new facts were available to the movant at the time of the original motion, a court has broad discretion to grant renewal even upon facts known to the movant at the time of the original motion *(Watsky v Town of Ossining Planning Bd.,* 136 AD2d 634, 635; *Pinto v Pinto,* 120 AD2d 337, 338; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866).

Upon granting renewal, however, the court erred in denying defendant's motion for summary judgment dismissing the complaint in this personal injury action on the ground that plaintiff was a special employee of defendant. "It is well settled that one who is in the general employ of one party may be in the special employ of another despite the fact that the general employer is responsible for the payment of wages, has the power to hire and fire, has an interest in the work performed by the employee, maintains workers' compensation for the employee, and provides some, if not all, of the employee's equipment" *(Cameli v Pace Univ.,* 131 AD2d 419, 420). The key factors in determining whether a special employment relationship exists are the right to direct the work and the degree of control exercised over the employee *(see, Irwin v Klein,* 271 NY 477, 484-485; *Jeras v East Mfg. Corp.,* 168 AD2d 889; *Cameli v Pace Univ., supra; Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791, 792; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405, 407). Here, the undisputed facts

show that plaintiff reported to work each day at defendant's plant, punched a time clock, and was supervised in her production work, consisting of the assembly of disposable medical devices for defendant, by defendant's production manager. The work performed by plaintiff was for the benefit of defendant, and was supervised and controlled by defendant. No representative of the general employer, A World of Temps, was present at defendant's plant when plaintiff performed her work and no one other than defendant had the right to control plaintiff's work at defendant's plant. Thus, as a matter of law, plaintiff, at the time of her accident, was in the special employment of defendant. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present —Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.