■ BERNARD DEGRUCHY, Appellant, v XEROX CORPORATION, Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in granting defendant's motion to renew its prior motion for summary judgment *(see, Stewart v Taylor, 167 AD2d 846, lv denied 77 NY2d 805).* Upon renewal, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint because plaintiff was a special employee of defendant as a matter of law and his acceptance of workers' compensation benefits as an employee of his general employer precluded him from bringing this personal injury action against defendant *(see, Thompson v Grumman Aerospace Corp., 78 NY2d 553; Jeffords v Professional Bldrs./Remodelers Group, 186 AD2d 989; Lesanti v Harmac Indus., 175 AD2d 664; Richiusa v Kahn Lbr. & Millwork Co., 148 AD2d 690; Cameli v Pace Univ., 131 AD2d 419).*

Pursuant to a contract between plaintiff's general employer and defendant, plaintiff was "supplied" to defendant to perform work as a technician. The record reveals that, although plaintiff's general employer was responsible for paying plaintiff's wages and maintaining workers' compensation for him, "all essential, locational and commonly recognizable components of the work relationship" were between plaintiff and defendant *(Thompson v Grumman Aerospace Corp., supra,* at 558). Plaintiff reported to work each day at defendant's plant and the work he performed was supervised, directed and controlled exclusively by defendant's employees. No representative of the general employer was present at defendant's plant when plaintiff performed his work. Further, it is undisputed that plaintiff received workers' compensation benefits as an employee of his general employer. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.