■ GREZGORZ KUDELSKI, Appellant, v 450 LEXINGTON VENTURE et al., Respondents. (And a Third-Party and Second Third-Party Action.) [603 NYS2d 483] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 1, 1992, which granted the defendants' motion and third-party and second third-party plaintiffs' cross-motion to change venue to Queens County, and order of the same court and Justice entered May 6, 1992, which granted defendant Big Apple Wrecking Corp.'s (Big Apple) motion, and third-party defendant S&H Bricksales Corporation's (S&H) cross-motion for summary judgment dismissing the complaint against them on the ground that the Workers' Compensation Law affords plaintiff his exclusive remedy against them, unanimously affirmed, without costs.

Plaintiff, a laborer, was injured during the course of his employment at a construction project on premises located at 450 Lexington Avenue in Manhattan. Plaintiff, an employee at S&H, received his orders from another S&H employee, who in turn reported to a Big Apple employee. It is not disputed that the subcontract for the construction project in issue was undertaken by Big Apple, which provided Workers' Compensation Insurance on plaintiff's behalf. Defendant Big Apple submitted evidence establishing that employees of Big Apple and S&H worked at the site performing the same functions; that Big Apple provided the equipment used on the job; that an employee of Big Apple acted as field supervisor for the employees of both S&H and Big Apple; that the Big Apple field supervisor exercised, together with plaintiff's immediate supervisor, joint authority over plaintiff; and that the corporations share joint offices in Bronx County, as well as the same supervisors, officers, directors and stockholders.

It is evident that S&H functioned either as an alter ego of Big Apple, or as its joint venturer, so that in either event, the exclusivity provisions of the Workers' Compensation Law apply *(Pisicchio v Salem Transp. Co.,* 159 AD2d 701; *Bradford v Air La Carte,* 79 AD2d 553; *Fallone v Misericordia Hosp.,* 23 AD2d 222, *affd* 17 NY2d 648). As the only nexus to Bronx County has been severed, and as plaintiff makes no further

argument in support of retaining venue in Bronx County in the event the action as to Big Apple is dismissed, we affirm the order transferring venue to Queens County. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.