■ PAUL LEVINE et al., Appellants, v LEE's PONTIAC et al., Respondents. [609 NYS2d 918] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 2, 1992, which granted the separate motions of the defendants Lee's Pontiac, Inc., and Norman Stephenson, in which the defendant Claude Merker joined, for summary judgment dismissing the complaint, on the ground that the plaintiffs' exclusive remedy is found in the Workers' Compensation Law.

Ordered that the order is affirmed, with one bill of costs.

The defendant Norman Stephenson, a customer of Lee's Pontiac, brought his car to its service department to have previously-ordered power window parts installed. He got out of the car and left it running. The defendant Claude Merker, allegedly an employee of Lee's Pontiac, got into the car to drive it to the appropriate place in the lot. When Merker put the car into drive with his foot allegedly on the brake, the car shot forward striking a wall and a desk, behind which the plaintiff was standing, thereby seriously injuring him. The plaintiff was an employee of Lee's Toyota, which was a separate corporation from Lee's Pontiac. While both entities had separate showrooms, the showrooms occupied opposite sides of the same building and shared a common service department located between the two showrooms. After accepting Workers' Compensation benefits through Lee's Toyota, the plaintiff commenced this action against Merker, Lee's Pontiac, Inc., and Stephenson. Lee's Pontiac moved for summary judgment dismissing the complaint insofar as it is asserted against all the defendants, on the ground that the plaintiff was barred from recovery by the exclusive remedy provision of the Workers' Compensation Law § 29 (6). Stephenson separately moved for summary judgment on the same ground, and Merker joined in both motions. In a decision dated February 25, 1992, the Supreme Court reasoned that a special employment relationship existed between the plaintiff and Lee's Pontiac, and in the order appealed from, granted the motions.

We agree. The evidence demonstrates the existence of such a special employment relationship *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557; *Cameli v Pace Univ.,* 131 AD2d 419). While the plaintiff was an employee of Lee's Toyota, he acted as the Assistant General Manager of both Lee's Toyota and Lee's Pontiac, with general supervisory responsibilities of aspects of both, including the supervision of the jointly-operated service department. Employees of both entities were in his charge generally. Moreover, the plaintiff took his orders directly from Lee Feore, the owner, president, and general manager of both corporations. While the question of whether a person can be categorized as a special employee is generally one of fact, the indicia of special employment in this case are so strong that the court properly determined the issue as a matter of law *(see, Thompson v Grumman Aerospace Corp., supra,* at 557-558; *Carreras v Lawrence Aviation Indus.,* 201 AD2d 693; *Abuso v Mack Trucks,* 174 AD2d 590, 591; *Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690, 692; *cf., Oden v Chemung County Indus. Dev. Agency,* 183 AD2d 998,

998-999). Furthermore, where, as here, the facts clearly demonstrate the plaintiff's dual employment status, whether the relationship between two corporate entities is that of joint venturers, parent and subsidiary, corporate affiliates, or general and special employers, immunity will be extended to all the plaintiff's employers where the plaintiff has accepted Workers' Compensation benefits *(see, Kudelski v 450 Lexington Venture,* 198 AD2d 157; *Degruchy v Xerox Corp.,* 188 AD2d 1003, 1004; *Duemmel v Ruggeri-Minster, Inc.,* 179 AD2d 1064; *Pisicchio v Salem Transp. Co.,* 159 AD2d 701).

To the extent that the plaintiff's negligence claim against defendant Stephenson is based on vicarious liability for the acts of Merker, Stephenson is derivatively entitled to the immunity enjoyed by Merker as an employee of Lee's Pontiac *(see, Kenny v Bacolo,* 61 NY2d 642, 645; *Ulysse v Nelsk Taxi,* 135 AD2d 528, 530; *see also, Christiansen v Silver Lake Contr. Corp.,* 188 AD2d 507, 508; *Jaglall v Supreme Petroleum Co.,* 185 AD2d 971, 972; *Constantine v Sperry Corp.,* 149 AD2d 394, 395).

We have considered the plaintiffs' remaining contention and find it to be without merit *(Ulysse v Nelsk Taxi, supra).* Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.