■ GARY J. OLSEN et al., Respondents, v WE'LL MANAGE, INC., Appellant, et al., Defendant. [625 NYS2d 301] —In an action

based, *inter alia,* on Labor Law §§ 240 and 241, the defendant We'll Manage, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 20, 1993, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's cross motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant.

In cross-moving for summary judgment, the appellant relied upon the plaintiff Gary Olsen's unequivocal statement in an affidavit that he worked under the direct supervision and control of the appellant. The appellant also submitted deposition testimony indicating that Olsen received all of his work assignments from the appellant, that the appellant retained the right to fire Olsen, and that Olsen's paychecks, although drawn on the general employer's account, were signed by either the manager or president of the appellant. This evidence was sufficient to establish that Olsen was a special employee of the appellant *(see, Degruchy v Xerox Corp.,* 188 AD2d 1003; *Thompson v Grumman Aerospace Corp.,* 166 AD2d 578, *affd* 78 NY2d 553; *Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690, 692). Such a relationship is not defeated merely by the fact that the general employer was responsible for paying the employee's wages and maintaining workers' compensation and insurance for the employee *(see, Degruchy v Xerox Corp., supra; Cameli v Pace Univ.,* 131 AD2d 419, 420).

The plaintiffs failed to submit evidence in opposition to the appellant's cross motion to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Because it is undisputed that Olsen received workers' compensation benefits from his general employer, he is barred from maintaining an action at law against the special employer *(see, Degruchy v Xerox Corp., supra; Richiusa v Kahn Lbr. & Millwork Co., supra).* Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.