■ DONALD L. BURDETTE, Respondent, v NIAGARA COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Defendant, and LOCKPORT INTERNATIONAL PARTNERS, Appellant. [643 NYS2d 831] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Lockport International Partners dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Lockport International Partners (LIP) for summary judgment dismissing the complaint against it. The proof is sufficient to establish as a matter of law that plaintiff was a special employee of LIP at the time of his accident (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Schulze v Associated Univs.,* 212 AD2d 588, 589). It is undisputed that plaintiff was hired by an LIP supervisor, who directed, controlled and assigned all of plaintiff's work. From the inception of his employment until the date of the accident, plaintiff worked exclusively for LIP at LIP's facility. The general employer, Spezio Development Corporation, had no direct control over the labor performed by plaintiff for LIP. The special employment relationship between plaintiff and LIP "is not defeated merely by the fact that the general employer was responsible for paying the employee's wages and maintaining workers' compensation and insurance for the employee" (*Olsen v We'll Manage,* 214 AD2d 715, 716, *lv denied* 86 NY2d 706; *accord, Thompson v Grumman Aerospace Corp., supra,* at 557; *Cameli v Pace Univ.,* 131 AD2d 419, 420). (Appeal from Order of Supreme Court, Ni-

agara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.