■ LUZ VARGAS, Appellant, v TUFARO BUS COMPANY, Respondent. [666 NYS2d 437] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Vinik, J.), dated July 12, 1996, which denied her motion to strike the defendant's third affirmative defense and granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered October 28, 1996, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Based on the evidence demonstrating that the defendant exercised control and supervision over the plaintiff, the

Supreme Court properly concluded that the plaintiff was a special employee of the defendant as a matter of law, and that the instant action therefore is barred by the plaintiff's recovery of Workers' Compensation benefits (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558; Olsen v We'll Manage, 214 AD2d 715; Cameli v Pace Univ., 131 AD2d 419, 420). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.