■ PETER GUBITOSI, JR., Respondent, v NATIONAL REALTY COMPANY et al., Appellants. [669 NYS2d 321] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated December 19, 1996, as granted the plaintiff's motion to strike the Workers' Compensation affirmative defense of the defendant Mid-State Management Corp., and denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Mid-State Management Corp.

Ordered that the appeal by the defendant National Realty Company is dismissed, as it is not aggrieved by the portions of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Mid-State Management Corp., on the law, the plaintiff's motion to strike the affirmative defense of Workers' Compensation is denied, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Mid-State Management Corp. is granted, and the complaint is dismissed.

The plaintiff was injured when he fell down a flight of stairs during the course of his employment as a porter/maintenance man on premises owned by National Realty Co. The plaintiff's salary was paid by S.P.D. Services Corp., a payroll corporation. The plaintiff has admitted at various times that his "general employer" was either National Realty Co. or S.P.D. Services Corp. which paid him Workers' Compensation benefits for his claimed disability following this incident. The plaintiff commenced the instant lawsuit to recover damages for personal injuries against, *inter alia,* Mid-State Management Corp. (hereinafter Mid-State), which managed the subject premises, alleging that negligence on the part of Mid-State was responsible for his fall.

Mid-State was at all relevant times the plaintiff's "special employer", since it hired him, it was ultimately responsible for maintaining the building where he was a "maintenance man", and it had the authority to terminate his employment when, for example, he exceeded the six-month leave of absence allowed under his union contract (*see, e.g., Thompson v Grum-*

man Aerospace Corp., 78 NY2d 553, 555-559; *Levine v Lee's Pontiac*, 203 AD2d 259; *Richiusa v Kahn Lbr. & Millwork Co.*, 148 AD2d 690). Where, as here, the employee has elected to accept Workers' Compensation benefits from his general employer, the special employer is shielded from any action at law commenced by the employee (*Thompson v Grumman Aerospace Corp., supra; Levine v Lee's Pontiac, supra; Richiusa v Kahn Lbr. & Millwork Co., supra; Doboshinski v Fuji Bank*, 78 AD2d 537). Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.