■ EMANUEL PALACINO et al., Respondents, v EQUITY MANAGEMENT GROUP, Appellant, and CENTURY ELEVATOR MAINTENANCE CORP., Respondent. [709 NYS2d 566] —In an action to recover damages for personal injuries, the defendant Equity Management Group appeals from an order of the Supreme Court, Queens County (Posner, J.), dated July 7, 1999, which denied its motion, *inter alia*, to amend its answer to include the affirmative defense of the Workers' Compensation Law, for summary judgment dismissing the complaint on that ground, and for summary judgment on its cross claim for indemnification against the defendant Century Elevator Maintenance Corp.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion of Equity Management Group which was for leave to amend its answer, and substituting therefor a provision granting leave to amend; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

The injured plaintiff, Emanuel Palacino, was employed as a porter in a building managed by the appellant, Equity Management Group (hereinafter Equity). He allegedly was injured in the course of his employment when he tripped on a misleveled elevator. Equity moved for leave to amend its answer, *inter alia*, to include the affirmative defense that since the injured plaintiff was a special employee of Equity, Workers' Compensa-

tion was his exclusive remedy, and for summary judgment dismissing the complaint on that ground.

The Supreme Court erred in denying that branch of Equity's motion which was for leave to amend its answer to include the defense that the injured plaintiff's exclusive remedy was Workers' Compensation. Leave to amend an answer is freely permitted where, as here, it would not create prejudice (*see, Caceras v Zorbas,* 74 NY2d 884; *Speroni v Mid-Island Hosp.,* 222 AD2d 497; *Cameli v Pace Univ.,* 131 AD2d 419).

There is a triable issue of fact, however, as to whether the injured plaintiff was a special employee of Equity (*see, Zuckerman v City of New York,* 49 NY2d 557; *Moskowitz v Garlock,* 23 AD2d 943). Moreover, there are issues of fact concerning whether Equity is entitled to indemnification from the defendant Century Elevator Maintenance Corp., the elevator maintenance company, or is primarily liable, precluding indemnification under their agreement (*see, Mas v Two Bridges Assocs.,* 75 NY2d 680; *Rogers v Dorchester Assocs.,* 32 NY2d 553; *Nivens v New York City Hous. Auth.,* 246 AD2d 520; *O'Neill v Mildac Props.,* 162 AD2d 441). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.