■ ANTHONY S. DERUBEIS, Respondent, v D & F WASTEPAPER Co., INC., et al., Appellants. (And a Third-Party Action.) [711 NYS2d 750] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered July 22, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well established that a person may have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557). A "special employee" is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Generally, whether a person can be categorized as a special employee is a question of fact (*see, Thompson v Grumman Aerospace Corp., supra;*

*Kramer v NAB Constr. Corp.*, 250 AD2d 818, 819; *Levine v Lee's Pontiac*, 203 AD2d 259, 260). Where particular, undisputed critical facts compel that conclusion and present no triable issues of fact, the determination of special employment status may be made as a matter of law (*see, Thompson v Grumman Aerospace Corp., supra*, at 557-558; *Kramer v NAB Constr. Corp., supra*, at 819; *Levine v Lee's Pontiac, supra*). In the case at bar, the record reveals that a triable issue of fact exists with respect to the plaintiff's employment status with the defendant D & F Wastepaper Co., Inc. (*see, Thompson v Grumman Aerospace Corp., supra*, at 557-558; *Kramer v NAB Constr. Corp., supra*, at 819). Accordingly, the Supreme Court correctly denied summary judgment to the defendants. Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.