OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and defendant’s motion for leave to amend the answer is granted.
Defendant’s motion to amend her answer to include the affirmative defense of exclusivity of workers’ compensation is predicated on her claim that plaintiff’s injuries occurred in the course of plaintiff’s special employment with Queensboro Society for the Prevention of Cruelty to Children (hereinafter Queensboro) and were allegedly caused by the negligence of defendant, who was a coemployee of plaintiff at Queensboro. Additionally, defendant contends that plaintiff is precluded from maintaining the instant action since plaintiff acknowledged receiving workers’ compensation benefits from her general employer, Tempositions Health Care, Inc. (hereinafter Tempositions). Defendant’s motion should have been granted for the reasons set forth herein.
Leave to amend a pleading should be freely given (CPLR 3025 [b]) where the proposed amendment does not plainly lack merit (Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170) and there is no showing of prejudice or surprise to the opposing party (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Northbay Constr. Co. v Bauco Constr. Corp., 275 AD2d 310, 311; Smith v Peterson Trust, 254 AD2d 479, 480).
Defendant has demonstrated the merits of its affirmative defense. As a general rule, workers’ compensation is the exclusive remedy available against an employer when an employee is injured in the course of employment (see, Workers’ Compensation Law §§ 10, 11). Workers’ compensation is also the exclusive remedy for an employee injured “by the negligence or wrong of another in the same employ” (Workers’ Compensation Law § 29 [6]; see also, Naso v Lafata, 4 NY2d 585, 589; Cronin v Perry, 244 AD2d 448, 449; Lanpont v Savvas Cab Corp., 244 AD2d 208, 210), whether such injury is sustained in the course of general or special employment (see, e.g., DeRubeis v D & F Wastepaper Co., 273 AD2d 434; Palacino v Equity Mgt. Group, 272 AD2d 457; Causewell v Barnes & Noble Bookstores, 238 AD2d 536). Moreover, receipt of compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer *516 (see, Workers’ Compensation Law §§ 11, 29 [6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553; Martin v Baldwin Union Free School Dist., 271 AD2d 579; Gubitosi v National Realty Co., 247 AD2d 512). At her deposition, plaintiff testified that at the time of the accident, she was employed by Tempositions as a child care counselor, and that her salary was paid by Tempositions. Plaintiff, however, also testified that during the period in question she was working for Queensboro, and had been working for them for more than six months. On the day of the accident, she reported to Queensboro’s Corona Group Home, and subsequently left for a picnic with three teenage girls in a van driven by defendant when the accident occurred. Plaintiff also acknowledged that her supervisor at Queensboro at the time of the accident was a “Mr. Lowe.” Contrary to plaintiff’s contention, the foregoing testimony indicates elements of direct supervision and control over material aspects of plaintiff’s work by Queensboro which raise factual issues with respect to plaintiff’s alleged special employment status with Queensboro sufficient to justify defendant’s proposed inclusion of the exclusivity of workers’ compensation as an affirmative defense (see, Palacino v Equity Mgt. Group, supra; Leone v Columbia Sussex Corp., 203 AD2d 430; see also, Thompson v Grumman Aerospace Corp., supra; Martin v Baldwin Union Free School Dist., supra; Singh v Shafi, 252 AD2d 494; Cronin v Perry, supra).
Plaintiff nonetheless argues that defendant’s motion was properly denied because of the protracted delay without explanation or excuse, which she claims resulted in prejudice. However, tardiness alone is not a barrier to an amendment in the absence of significant prejudice (Edenwald Contr. Co. v City of New York, supra at 959; Northbay Constr. Co. v Bauco Constr. Corp., supra at 311). Similarly, the failure to explain the delay will not bar an amendment absent prejudice or surprise (Northbay Constr. Co. v Bauco Constr. Corp., supra at 312; Smith v Peterson Trust, supra at 480). Moreover, in cases asserting the exclusivity of workers’ compensation, a “waiver is accomplished only by a defendant ignoring the issue to the point of final disposition itself’ (Murray v City of New York, 43 NY2d 400, 407; Goodarzi v City of New York, 217 AD2d 683, 684; Rainey v Jefferson Vil. Condo No. 11 Assocs., 203 AD2d 544, 546). Plaintiff’s claim of prejudice, which rests on conclusory, speculative and unsubstantiated assertions, is insufficient to defeat defendant’s motion, inasmuch as it is also undisputed that plaintiff received workers’ compensation benefits from *517 Tempositions (see, Caceras v Zorbas, 74 NY2d 884; Singh v Shafi, supra; Clarke v Americana House, 186 AD2d 530; Ozarowski v Yaloz Realty Corp., 181 AD2d 763).
Aronin, J. P., Patterson and Golia, JJ., concur.