In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Eerier, J.), entered September 25, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, an employee of K-Mart Stores, Inc. (hereinafter K-Mart), was injured when a coworker drove a forklift over his right foot. At the time, the plaintiff and his coworker were trying to hoist a pallet jack onto a forklift owned by K-Mart and operated by the coworker, and then onto a delivery truck owned by the defendant. The driver of the defendant’s delivery truck had not brought a pallet jack with him and instead requested the plaintiff to obtain one from K-Mart so that the truck could be unloaded.
*415 Relying on the commercial relationship between the defendant and K-Mart, the plaintiff contends that the defendant is liable to him for failing to perform its commercial obligations in a nonnegligent fashion. The plaintiff also contends that the defendant is vicariously liable for the acts of his coworker because the latter became a special employee of the defendant during the course of the task.
Although a person’s status as a special employee is generally a question of fact, it may be determined as a matter of law “where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact” (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]; Small v Winter Bros., 302 AD2d 445 [2003]; DeRubeis v D & F Wastepaper Co., 273 AD2d 434, 435 [2000]; Levine v Lee’s Pontiac, 203 AD2d 259, 260 [1994]).
The plaintiff adduced no evidence that K-Mart surrendered control over the manner, details, and ultimate result of his coworker’s activities, or that the defendant assumed any control over those details and results (see Vanderwerff v Victoria Home, 299 AD2d 345 [2002]; Carino v Kenmare Remodeling, 292 AD2d 555, 556 [2002]; Martin v Baldwin Union Free School Dish, 271 AD2d 579, 580 [2000]). The fact that the plaintiffs coworker performed a task at the request of the defendant, without more, does not create an employer-employee relationship between the defendant and the plaintiffs coworker (see Eddy v White, 304 AD2d 959 [2003]; Sherman v Reynolds Metals Co., 295 AD2d 843, 845 [2002]; cf. Konstantinovsky v Golden Chocolate, 210 AD2d 299 [1994]; Richiusa v Kahn Lbr. & Millwork Co., 148 AD2d 690, 692 [1989]).
Contrary to the plaintiffs argument, the defendant did not assume a duty of care toward the plaintiff by virtue of its commercial relationship with the plaintiffs employer (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]). Santucci, J.E, Luciano, Schmidt and Adams, JJ., concur.