■ VIKTOR RUDOVIC et al., Appellants, v BOARD OF MANAGERS OF PARK MANOR CONDOMINIUM et al., Respondents. [793 NYS2d 128]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of

an order of the Supreme Court, Queens County (Glover, J.), dated November 24, 2003, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant M.P.J. Realty, Inc., based on the exclusivity of the workers' compensation remedy, and denied their cross motion for summary judgment on the issue of liability on their Labor Law §§ 240 and 241 (6) claims insofar as asserted against the defendant M.P.J. Realty, Inc., and (2) so much of a judgment of the same court entered February 4, 2004, as, upon the order, dismissed the complaint insofar as asserted against the defendant M.P.J. Realty, Inc.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

When an employee receives workers' compensation benefits from his or her general employer, as the plaintiff Viktor Rudovic did here, a special employer is shielded from an action at law commenced by the employee (see Workers' Compensation Law § 29 [6]; Kramer v NAB Constr. Corp., 282 AD2d 714 [2001]; see also Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]). A person's categorization as a special employee is usually a question of fact (see Thompson v Grumman Aerospace Corp., supra at 557; Cameli v Pace Univ., 131 AD2d 419 [1987]). However, in this case the court properly found, as a matter of law, that the evidence established a special employment relationship between Rudovic and the defendant M.P.J. Realty, Inc. (hereinafter MPJ), thus shielding MPJ from this action (see Thompson v Grumman Aerospace Corp., supra; Kramer v NAB Constr. Corp., supra; Cameli v Pace Univ., supra).

The plaintiffs' remaining contentions are academic in light of our determination. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.