In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated May 17, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, an employee of Richmond University Medical Center (hereinafter the Hospital), allegedly slipped and fell on a floor with cleaning fluid on it as she exited from the utility room of the Hospital’s surgical intensive care unit. The plaintiff commenced this action against the defendant, Aramark Services, Inc., which had a contract with the Hospital to provide cleaning services. The plaintiff alleged that the condition on the floor that led her to fall was created by members of the housekeeping staff who were the defendant’s special employees.
*603 Ordinarily, the breach of a contractual obligation is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting parties (see Church v Callanan Indus., 99 NY2d 104, 111 [2002]; Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]). However, the Court of Appeals recognized in Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]) that “exceptions to this rule apply: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties, and (3) where the contracting party has entirely displaced another party’s duty to maintain the premises safely” (Knox v Sodexho Am., LLC, 93 AD3d 642, 642 [2012]). Here, the plaintiff alleged facts in her complaint in support of her allegation, in effect, that the defendant’s agreement with the Hospital was of such a comprehensive and exclusive nature that the defendant entirely displaced the Hospital’s duty of maintaining the premises safely. Thus, in support of its motion for summary judgment dismissing the complaint, the defendant was required to establish that its service agreement with the Hospital was not comprehensive and exclusive so as to bring it within this exception to the general rule (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). The defendant met this burden (see id. at 214; Roveccio v Ry Mgt. Co., Inc., 29 AD3d 562, 562-563 [2006]; Usman v Alexander’s Rego Shopping Ctr., Inc., 11 AD3d 450, 451 [2004]; Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331 [2004]; cf. Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 586-589 [1994]), and in opposition thereto, the plaintiff failed to raise an issue of fact that would warrant a trial on this exception to the general rule (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The plaintiff also alleged facts in her complaint and bill of particulars in support of her allegation that the defendant, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm. In support of its motion, the defendant made a prima facie showing that the subject members of the housekeeping staff, who allegedly created the dangerous condition that caused the plaintiff to fall, were not its special employees. In opposition, the plaintiff raised a triable issue of fact (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]), as to whether these members of the housekeeping staff were the defendant’s special employees and, thus, whether the defendant may be held vicariously liable for their alleged negligence in creating the dangerous condition (see Reinitz v Arc Elec. Constr. Co., 104 AD2d 247, 250 [1984]; 53 NY Jur 2d, Employment Relations § 411; cf. Montalbano v Kurt Weiss Florist, 1 AD3d 414, 415 [2003]).
*604 Accordingly, the defendant’s motion for summary judgment dismissing the complaint was properly denied. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.