Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered February 2, 2012, which granted the motion of defendants Flaza Housing Development Fund Co., Inc. and Flaza Residences L.E (collectively Flaza Residences) and the cross motion of defendant Guardsman Elevator Co., Inc., for summary judgment dismissing the complaint, unanimously affirmed, without costs.
*610 Plaintiff handyman was injured when he attempted to exit a stalled elevator in the apartment building where he worked. Plaintiff and three of his coworkers entered the subject elevator at the basement level and pushed the button for the first floor. The elevator stopped on the first floor and then proceeded to a point between the second and third floors, where it stopped and the doors opened automatically. The elevator was about four feet above the hallway of the second floor, and two of the men successfully jumped out of the elevator onto the floor below. However, when plaintiff attempted his jump, he landed on the floor but then fell backwards and down the elevator shaft.
“As a general rule, when an employee is injured in the course of his employment, his sole remedy against his employer lies in his entitlement to a recovery under the Workers’ Compensation Law” {Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 156 [1980]). The Workers’ Compensation exclusivity provision applies to those employers, and their agents, that exercise supervision and control over an employee {see Kudelski v 450 Lexington Venture, 198 AD2d 157 [1st Dept 1993]). Here, the evidence establishes that an actual employment relationship exited between plaintiff and Plaza Residences. Such evidence includes Plaza Residences’ payroll records, state withholding tax and unemployment returns, plaintiffs own W-2 form, and copies of cancelled paychecks. Each of these documents identified Plaza Residences as plaintiff’s employer, and the fact that Plaza Residences relinquished all authority to nonparty Wavecrest Management, Inc., which directed and controlled plaintiff’s work, did not preclude Plaza Residences from asserting the Workers’ Compensation defense.
Plaintiffs argument that he never heard of Plaza Residences and that Wavecrest was his employer, is unavailing since he had no personal knowledge of the corporate relationship between Plaza Residences and Wavecrest {see Gherghinoiu v ATCO Props. & Mgt., Inc., 32 AD3d 314 [1st Dept 2006], lv denied 7 NY3d 716 [2006]).
The record further demonstrates that dismissal of the complaint was warranted because plaintiffs act of jumping from the stalled elevator was an unforeseeable, superseding cause of his accident {see Rhodes v East 81st, LLC, 81 AD3d 453 [1st Dept 2011]). There was no emergency situation necessitating plaintiffs jump from the elevator, particularly where the record indicates that plaintiff was in the stalled elevator for no more than 10 minutes before he decided to jump out {see Egan v A.J. Constr. Corp., 94 NY2d 839, 841 [1999]). Plaintiffs claim that he was afraid of suffocating is belied by the testimony of one of *611 his coworkers who alerted plaintiff that the elevator fan was on and there was sufficient ventilation.
We have considered plaintiffs remaining contentions and find them unavailing.
Concur—Gonzalez, EJ., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.